## Heirs of Gormley *v.* Maria Theresa Palmes.

*Where a judicial sale is attacked for defects which are relative only, they should be specially alleged and a resulting injury shown, as well as an offer of restitution to be made so far as the plaintiff has been benefited.*

APPEAL from the Fifth District Court of New Orleans, *Augustin, J.*

*J. S. Whitaker,* for plaintiffs and appellants. *Durant & Horner,* for defendant. *Emerson & Huntington,* for warrantors.

Spofford, J. The plaintiffs claim the lots in question, one-half as heirs of their mother, and the other half as heirs of their father, the property having belonged to the community.

As heirs of their mother, they have no pretence to disturb the title of the defendant. For that title was acquired at a judicial sale made by her consent and ratified by her receipt of a part of the price. As her heirs, the plaintiffs are warrantors of her acts, and are bound to protect the defendant so far as her half of the property is concerned.

And as to the half claimed by plaintiffs as minor heirs of their father at the date of the sale, it appears that the same was administered by their mother in her quality as tutrix; that suit was brought against her as representing the *Gormley succession,* for a debt of the succession specially privileged upon the property to pay a paving bill; that the property was subject to be seized and sold for such debt; that *Mrs. Gormley* admitted its justness, and stipulated that the property upon which the privilege was claimed, be sold on a credit of twelve months, for bond and mortgage, in lots; that it was sold to the author of the defendant's title under the judgment rendered by a competent court pursuant to this agreement of parties; and that the tutrix received a part of the price.

We do not think the plaintiffs have made out such a case as the more modern authorities require, to authorize the court to treat a judicial sale of this character as a mere nullity.

Whatever defects may have been urged in argument are relative only, and should have been specially alleged; and a resulting injury should have been shown, as well as an offer of restitution made, so far as the plaintiffs have been benefited.

The validity of the claim and privilege under which the property was sold, has not been denied by plaintiffs; the stipulation that it be sold on a twelve months credit was a stipulation in the interest of the minors, of which they have no reason to complain. It is not clear that the sale was made in block otherwise than was authorized by the terms of the decree; and if it were, there are not allegations and proof of any resulting injury to the plaintiffs. See *Taylor* v. *Lewis,* 8 La. 177; *Poultney's Heirs* v. *Ogden,* 8 La. 440.

Judgment affirmed.