### Dutton & Rutherford v. Wright & Vaughn.

Decided February 25, 1905.

**1.—Administrator's Deed—Recitals.**

An administrator's deed, made under order of the court, is, by the statute, prima facie evidence that all requirements of the law have been complied with in obtaining it. Rev. Stats., arts. 2152, 2153.

**2.—Same—Ancient Instrument.**

Such a deed, when more than thirty years old, proves itself and the recitals contained therein.

**3.—Same—Presumptions—Evidence.**

Evidence held insufficient to rebut the presumption that the Probate Court had sufficient evidence before it to warrant its rendition of a judgment directing an administrator to execute a deed in pursuance of a bond for title made by his decedent.

**4.—County Court—Probate Jurisdiction—Collateral Attack.**

The County Court sitting in probate is a court of general jurisdiction within the limits prescribed by law, and its judgments in probate matters import absolute verity on collateral attack unless they show want of jurisdiction on their face.

**5.—Partition—Notice—Estoppel.**

Where a trustee invested with the legal title executed deeds in severalty to the beneficiaries, thereby partitioning the land among them, and they acquiesced therein and took possession of the portions so allotted them, one who, after the record of such deeds, purchased the interest of one of the beneficiaries, took with notice, and through the estoppel of his grantor, was bound by the partition so made.

Appeal from the District Court of Franklin.    Tried below before Hon. P. A. Turner.

*Chas. S. Todd,* for appellants.—1.    The bond for title not having been first produced and introduced in evidence, the administrator's deed of itself and without said bond, and without other evidence of any kind as to the contents and substance of the proceedings had and judgment rendered in the County Court of Titus County, Texas, failed to show jurisdiction in said County Court to order said deed to be made as made, and fails to show that said court ever did order said deed to be made as made, or otherwise then in strict conformity to and performance of the bond for title.

2.    If the administrator's deed was admissible and passed any title it must have been construed to have passed the paramount title to the beneficiaries named in the bond, to wit: Theophilus, Geo. T., William and Ancie D. Bowman, as M. M. Bowman was but a naked trustee. Withers v. Patterson, 27 Texas, 496-501; Smith v. Brown, 66 Texas, 544; Fowler v. Simpson, 79 Texas, 617; 2 Pom. Eq. Juris., sec. 1062; 2 Wash. Real Prop., 488, 490; 1 Perry on Trusts, sec. 433; 2 Perry on Trusts, sec. 520, 521.

3.    A partition, wherein one of the distributees has no title or interest is void.    A valid partition can not be made unless all the joint-owners are parties and bound by it.    Davis v. Agnew, 67 Texas, 213; Arnold v. Cauble, 49 Texas, 530; Freem. Coten. and Part., sec. 463; 2 Buck. Texas Dig, pp. 318, 319.

4.    It might be conceded that if the bond was not produced or had been destroyed and evidence of its contents could not be produced, the presumption would arise that the deed was in accord with it; but this presumption is overthrown when the bond, itself a part of the County Court record, is produced and the two instruments are manifestly fatally variant.    In such case which should control?    Unquestionably the bond, which is prior in time and vested the paramount title in the named beneficiaries to the exclusion of all others.    Withers v. Patterson, 27 Texas, 496; Fowler v. Simpson, 79 Texas, 617;

Moore v. Waco, 85 Texas, 211; Smith v. Brown, 66 Texas, · 544; 2 Perry on Trusts, sec. 520.

5.   In the absence of proof to the contrary, but not against proof, acts of the County Court are presumed to be within its authority. Guilford v. Love, 49 Texas, 741; Martin v. Robinson, 61 Texas, 368; Glasgow v. McKinnon, 79 Texas, 118; Fowler v. Simpson, 79 Texas, 617; Dickson v. Moore, 9 Civ. App., 519, 30 S. W. Rep., 79; Halsey v. Jones, 25 S. W. Rep., 699.

*Glass, Estes & King* and *R. T. Wilkinson,* for appellees.—1.   The deed from the administrator was properly admitted in evidence by the trial court, and the recitals therein were sufficient to prove the proceedings had in the County Court.   Rev. Stats., arts. 2151-2153; Shannon v. Taylor, 16 Texas, 413; Owen v. Shaw, 20 Texas, 82; Guilford v. Love, 49 Texas, 717; White v. Jones, 67 Texas, 638; Heath v. Garrett, 50 Texas, 268; Johnson v. Wilcox, 53 Texas, 421; Tom v. Sayers, 64 Texas, 343; Bowles v. Beal, 60 Texas, 325.

2.   The deed of partition, made by M. M. Bowman among his children, having been agreed to by them, was valid, and the court did not err in admitting the same in evidence.   Shannon v. Taylor, 16 Texas, 413; Owen v. Shaw, 20 Texas, 82; Guilford v. Love, 49 Texas, 717; Barber v. Pittsburg Railway, 166 U. S., 83; Bowles v. Beal, 60 Texas, 324, and cases therein cited.

3.   The court did not err in rendering judgment for appellees for the entire 267 acres of land sued for.   Appellees showed title to the land, and the proof showed that appellants were not entitled to any part of same.   Rev. Stats., arts. 2151-2153; Aycock v. Kimbrough, 71 Texas, 333; Johnson v. Johnson, 65 Texas, 89; Anderson v. Sullivan, 91 Texas, 502.

RAINEY, Chief Justice.—This is an action of trespass to try title to ·267 acres of land brought by appellees against the appellants.   On trial before the court, without a jury, judgment was rendered for appellees, and appellants appeal.

The evidence shows that M. M. Bowman, in November, 1868, filed an application in the County Court of Titus County, Texas, where the administration of the estate of George B. Clifton, deceased, was pending, against H. L. Cherry, administrator of said estate, for a specific performance of a bond for title, executed by George B. Clifton on the 23d of April, 1862, obligating himself to convey the land in controversy and other lands to M. M. Bowman in trust for the heirs of M. M. and Mary J. Bowman, who were Sarah Frances (afterwards Sarah Frances Lynch), Mary J. (afterwards Mary J. Lynch), Theophilus, George Taylor, William and Ancie D. Bowman.   Ancie D. died in 1865, without issue.

On December 28, 1868, the said County Court of Titus County, at a regular term held for probate business, upon a full hearing of the cause, decreed that the said administrator make deed and title to the land described.   On June 10, 1873, H. L. Cherrry, administrator of the estate of said Clifton, made deed in accordance with said judgment to M. M. Bowman for the use and benefit of the heirs of M. M. and

Mary J. Bowman. Said deed recites the filing of the application, the making of the bond by said Clifton during his lifetime, the judgment of the court, describes the land, and states that it, the deed, was made in pursuance of said judgment. The land embraced by the judgment and administrator's deed was 640 acres patented to George B. Clifton, assignee of the B. B. B. and C. Ry. Co., and two other tracts containing 587 and 320 acres each, which constituted a part of the George B. Clifton estate.

On January 25, 1872, William Bowman deeded to J. M. Taliaferro an undivided one-fifth interest in 640 acres of the Clifton survey, less 20 acres sold to Hunt.

On April 18, 1874, M. M. Bowman made a deed partitioning the land between the said parties, all of them, including Taliaferro, agreeing to said partition, except Theophilus, whose whereabouts were unknown. His son, after reaching majority, sold Theophilus' interest, and said heirs and said Taliaferro have recognized and acquiesced in said partition ever since. In the said partition the 267 acres, which were taken off of the west of the 640-acre survey, fell to Mrs. Lynch, and the appellees hold her title. One hundred and eight acres in the southeast corner of said 640 acres were set aside to Taliaferro (the William Bowman interest), who took possession of same. The said 108 acres is not embraced in the 267 acres in controversy. On March 25, 1893, Taliaferro conveyed to W. A. Pogue a one-fifth interest in the 640 acres survey. Appellants hold under this title.

The partition deed was recorded long before appellants purchased any interest in the land. Appellants were charged with notice of the partition and of Taliaferro's interest, which was the 108 acres.

Appellants complain of the action of the court in admitting in evidence the deed from H. L. Cherry, administrator, to M. M. Bowman, and in considering and basing its judgment thereon, because the bond for title on which the judgment was based was not introduced, and that no facts were alleged or proved to authorize the making of said deed, and that the court had no jurisdiction to render such a judgment, as it was not in accord with, but varied from, the terms of the bond for title.

That the court had jurisdiction to order a conveyance in accordance with the bond for title as executed by George B. Clifton, the appellants concede, but they claim that the bond executed by Clifton related only to the 640 acres in the Clifton survey, and was in favor of only Theophilus, George I., William and Ancie D. Bowman, while the judgment includes two other tracts of land and includes two other heirs, to wit, Sarah Frances and Mary J., who were also heirs of M. M. and Mary J. Bowman. The administrator's deed was over thirty years of age, and the archives of Titus County had been destroyed by fire. There was no court record from which it could be shown upon what evidence the court acted when the judgment was rendered.

Our statutes provide for the rendition of such judgment. Arts. 2152 and 2153 provide that when such a conveyance is made, "It shall recite the decrees of the court authorizing it, and when delivered shall have the effect to vest in the person to whom made, all the right and title which the testator or the intestate had to the property con-

veyed, and such conveyance shall be prima facie evidence that all requirements of the law have been complied with in obtaining the same."

Under the statute the administrator's deed was prima facie evidence of title in M. M. Bowman as trustee. To controvert this, appellants introduced a bond for title, executed by George B. Clifton to M. M. Bowman as trustee for the benefit of Theophilus, George I., William and Ancie D. Bowman, embracing only the 640 acres survey, which was dated April 23, 1862. There is nothing to show that this was the bond upon which the court based its judgment. It is not the same bond, if the recitals in the judgment, as stated by the administrator's deed, are true. The only resemblance is the date of the bonds, and being signed by the same party, and this is not sufficient to preclude the presumption that the court had sufficient evidence before it upon which to render the judgment it did.

The Probate Court of Titus County was a court of general jurisdiction, within the limits prescribed by law, and judgments thereof rendered within its jurisdiction import absolute verity on collateral attack, unless they show on their face want of jurisdiction. This was a collateral attack upon the judgment, and it was improper to allow evidence tending to impeach it. The administrator's deed being over thirty years of age, proved itself and the recitals therein, and there was no error in its admission, nor in the court basing its judgment thereon.

But if it should be conceded that there was only the one bond for title, as claimed by appellants, and that the court transcended its authority in including in its judgment two other tracts of land and two other parties not included in the bond, still the appellants could not recover. There can be no question but that the court had jurisdiction to order a deed made to M. M. Bowman as trustee for the four heirs named for the 640-acre tract. Before the judgment was rendered Ancie D. Bowman died, and his interest was inherited by his father and mother and the five others named in the judgment, so Sarah Frances and Mary J. became interested in the 640-acre tract and entitled to join in the partition. The partition was made by consent of all the parties interested, except one, and his heir recognized and accepted afterward. They took charge of their respective allotments, and to this day none of them have made complaint of the partition. Some of the heirs might have complained at the time that they did not get what they were entitled to, but they are now estopped from setting up such a claim. The appellants do not occupy a more favorable attitude than they. They bought the Taliaferro interest with constructive notice at least that it had been set apart to him, and there is evidence that before appellees bought they only claimed, through him, 108 acres. The 108 acres is not embraced in the 267 acres in suit. Their right to the 108 acres is not contested, nor is it shown, in view of the partition, that said 108 acres is not a fair and equitable portion and all of William Bowman's interest in and to the land. When all the facts are duly considered we think appellants are not entitled to any part of the 267 acres in suit. Such being our view, the court did not err in its judgment, nor did it err in perpetuating the injunction.

The judgment is affirmed.                                    *Affirmed.*

Writ of error refused.