GEORGE G. CARTER, by HARRIET E. CARTER, his Curatrix, Plaintiff, Appellant, v. S. E. CARTER et al., Defendants, Appellants.

**Division One, November 29, 1911.**

1. **EVIDENCE: Presumptions: Record of Court.** When the record of a court is in evidence presumptions born of silence cannot be invoked, in the face of that record, to support the court's judgments and orders.

2. **COURTS: Of Probate: Session out of Term Time: Sec. 4060, R. S. 1909.** A judge of probate cannot, without previous order of adjournment during term time, call a term of his court in vacation except in those cases where he is given such power by the statutes. Nor is his power in that respect enlarged by that part of Sec. 4060, R. S. 1909, reading, "Said *court* . . . may hold special and adjourned terms at any time when required."

3. ———: ———: ———: **Order of Sale of Minor's Land.** An order of sale of a minor's real estate can be made only by a probate court lawfully in session. Such an order made by a probate judge, in vacation, at a time to which there had been no adjournment in term time, is a nullity, and, consequently, a deed made in pursuance thereof is void.

4. ———: ———: ———: ———: **Appearance of Curatrix: Estoppel.** The fact that the curatrix of a minor appeared in the probate court and atempted to file her petition for an order of sale of the minor's lands on a day when the court was not lawfully in session (the judge having no power to call a term of the court on that day or for that purpose) does not estop either her or her ward from asserting that no court was in session on that day.

5. **EJECTMENT: Defense: Dower Interest.** The judgment for plaintiff in ejectment was that "plaintiff have and recover possession of said premises, subject to the dower interest of plaintiff's mother." The fact that a defendant owns this dower interest is no defense, and, in fact, the judgment means nothing more than that plaintiff's possession is subject to that interest whether it is still the mother's or has been conveyed.

6. ———: **Lease: Breach of Covenants: Forfeiture Clause.** Where a lease contains a clause providing for forfeiture and re-entry upon failure of the lessee to comply with its requirements in good faith, ejectment will lie when the lessee so fails.

7. ———: ———: ———: **Evidence: Appeal.** When, in an action in ejectment, there was substantial evidence tending to show a breach of conditions by a lessee, and the court's judgment for possession involved a finding that the leases were forfeited, the court's finding cannot be inquired into here.

8. ———: **Joinder of Defendants: Lessee: Possession.** The lessee of a part of the land sought in ejectment need not be joined as a defendant when the evidence does not show that he was in possession when the action was instituted. Further, his rights, if any, are not affected by the judgment, and no question concerning them can be determined in this case.

9. ———: ———: **Lessor: No Objection Below.** A lessor who has been joined as a defendant with his lessees, and yet has answered without objection on that score and prayed and obtained affirmative relief, cannot complain in this court. Nor can the lessees, not having raised the question below, be heard to insist upon it here.

10. ———: **Invalid Sale of Ward's Land: Repayment of Purchase Money: Paintiff the Beneficiary.** Where the plaintiff in ejectment has become the beneficiary of the money paid to his curatrix at an invalid sale of his land, he cannot object to a judgment which, while granting him possession, orders the repayment of the money to the purchaser, a defendant here.

11. ———: **Peading: Possession of Defendant: General Denial: Demurrer to Evidence.** When there was no evidence that certain defendants in ejectment were in possession at the time of the institution of the suit, and they put their possession in issue by a general denial, demurrers to the evidence separately offered by them should have been sustained. The judgment rendered against them is accordingly reversed.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED AS TO DEFENDANTS BYRD AND W. G. CARTER; REVERSED AS TO DEFENDANTS KYGER AND S. E. CARTER.

*Waltour M. Robinson* and *Thomas & Hackney* for plaintiff.

(1) The deed from the curatrix of the plaintiff to his interest in the real estate described in the petition, dated February 12, 1906, offered in evidence by

the defendant was and is void for the reason that the order of sale was made by the probate court in vacation. Probate courts in this State are courts of record.' R. S. 1909, sec. 4055; R. S. 1909, sec. 3870. The court could adjourn to a date certain only by order made pursuant to the statute. Stovall v. Emerson, 20 Mo. App. 322; Holman v. Hogg, 83 Mo. App. 370. And certainly the same rule would require that if it could be convened in special term only pursuant to the statute, the adjournment on January 8, 1906, to the next regular term concludes all further action of the court at that term. State ex rel. v. Ross, 118 Mo. 47; Ashby v. Glasgow, 7 Mo. 320; Hill v. St. Louis, 20 Mo. 584; Harbor v. Railroad, 32 Mo. 423; Van Dyke v. State, 22 Ala. 57. The judge of the probate court has no power to hold a court for the hearing of a particular case at any other time or place than those fixed by law, and any decree passed in such case is void. White v. Riggs, 27 Me. 114; 8 Am. and Eng. Ency. Law (2 Ed.), p. 34. (2) The court committed no error in holding that the mining lease described in the judgment of the court from A. G. Carter to defendant S. E. Carter had been forfeited prior to the commencement of this action for failure to pay the royalties. If the lease from A. G. Carter had not been terminated, why was the defendant S. E. Carter procuring or attempting to procure a lease from the minor plaintiff? The fact that the lease attempted to be procured from the plaintiff through the probate court was void for want of power in the court to authorize the plaintiff's curatrix to execute the same, does not detract from the necessary conclusion that he, at the time he was so attempting to do, knew that the former lease had been forfeited. Defendants cannot complain because the sub-lessees, if any, carrying on mining operations on a part of the land were not made parties defendant. Such parties are not affected in any wise by the decree. A party in possession anterior to the commence-

ment of a suit in which he is not a party cannot be dispossessed under a judgment rendered therein. Garrison v. Savignac, 25 Mo. 47; Goerges v. Huffschmidt, 44 Mo. 179; State ex rel. v. Harrington, 41 Mo. App. 439; Oakes v. Aldridge, 46 Mo. App. 11; Richards v. Smith, 47 Mo. App. 619. (3) The unassigned dower of Harriet E. Carter, mother of the plaintiff, and widow of A. C. Carter, deceased, is no bar to the plaintiff's action. Sell v. McAnaw, 138 Mo. 267. McClurg v. Turner, 74 Mo. 45; Weaver v. Crenshaw, 6 Ala. 873; 10 Am. and Eng. Ency. Law (2 Ed.), 515; Barnett v. Meacham, 67 Ark. 313; Carnell v. Wilson, 21 Ark. 62; McCammon v. Railroad, 66 Mich. 442; King v. Merritt, 67 Mich. 194; Howe v. McGivern, 25 Wis. 532. (4) The defendants, S. E. Carter, W. T. Carter and S. Kyger, having answered jointly and their answer being a general denial, and the evidence conclusively showing that S. E. Carter and W. T. Carter were in possession of the premises sued for, at the institution of the suit, no error was committed by the trial court in finding the issues in favor of the plaintiff as to these defendants. It is clear that if the defendants united in a general denial they are liable to a joint verdict. Sedgwick and Wait on Trial of Title to Land (2 Ed.), sec. 238; Patterson v. Ely, 19 Cal. 28; Jones v. Hartley, 3 Whart. (Penn.) 191. The general rule is that a defendant by interposing the general issue admits himself to be in possession of the whole of the land claimed in the writ or declaration, and that if he desires to dispute or controvert the question of possession the proper method to accomplish that result is by special plea in order to avoid this admission of possession. Sedgwick and Wait on Trial of Title to Land, sec. 479; Ulsh v. Strode, 13 Pa. St. 433; Hill v. Hill, 43 Pa. St. 521; Holman v. Elliott, 86 Ind. 231; Callan v. McDaniel, 72 Ala. 102; Graves v. Amoskeag Co., 44 N. H. 463; Bernard v. Elder, 50 Miss. 336; Cumming v. Butler, 6 Ga. 88; Stevens v. Griffith, 3

Vt. 48. Besides if there was a misjoinder of parties defendant, the defect, if any, should have been taken advantage of by demurrer, if it appeared on the face of the petition; and if not so appearing it should have been taken advantage of by answer. Russell v. De France, 39 Mo. 506; Hicks v. Jackson, 85 Mo. 283; Thompson v. Railroad, 80 Mo. 521; 7 Am. and Eng. Ency. P. and P., p. 315; Fosgate v. Herkimer Co., 12 N. Y. 580; Dillaye v. Wilson, 43 Barb. (N. Y.) 261; Ames v. Harper, 48 Barb. (N. Y.) 56; Camden v. Haskell, 3 Rand. (Va.) 462; Cunningham v. Bradley, 26 Ga. 238. In no event under the facts of the record in this case would a failure to show one of the said defendants was in possession at the institution of this suit, as no judgment was rendered against either W. T. Carter or S. Kyger, not even a judgment against them for costs, necessitate a reversal. Reversible error is described in written law as error materially affecting the merits of the action. R. S. 1899, sec. 693; Mann v. Doerr, 222 Mo. 15. The appellate court may strike out the name of a defendant or may affirm a judgment as to one or more of defendants and reverse it as to others. State ex rel. v. Tate, 109 Mo. 265; Bensieck v. Cook, 110 Mo. 183; Cruchon v. Brown, 57 Mo. 38; Evans v. Kounze, 128 Mo. 670; Neenan v. St. Joseph, 126 Mo. 89; Stotler v. Railroad, 200 Mo. 150; Hunt v. Railroad, 89 Mo. 607.

*George Hubbert* and *Frank L. Dorlaw* for defendants.

(1) The guardian's deed from Harriett Carter to Chas. A. Byrd is on its face one warranted by law, and carries its own evidence of authenticity and efficiency, prima facie, under the statute; and the burden is upon him who challenges its force, for any reason, to make good the challenge, by assuming and discharg-

Carter v. Carter.

ing the full burden of proof in that regard, which respondent has not done. R. S. 1899, sec. 3508; Bray v. Adams, 114 Mo. 486; Exendine v. Morris, 76 Mo. 416. (2) The Jasper county probate court was duly organized as a *de facto* court, constituted of all necessary elements, sitting in the discharge of its judicial powers; and the integrity of its record and competency of its jurisdiction to uphold the guardian's deed, may not be assailed, in this collateral way, upon such unsubstantial grounds as were put forward in the circuit court. Const. Mo., art. 6, sec. 35; R. S. 1899, secs. 1752, 1756, 1757, 1785, 1786, 1604, 1606, 1609; In re Stevenson, 125 Fed. 843; United States v. The Little Charles, 26 Fed. Cas. No. 15, 613; State ex rel. v. Nash, 83 Mo. App. 512; Cook v. Renick, 19 Ill. 600; Cook v. Skelton, 20 Ill. 107; Spring v. Kane, 86 Ill. 586; Dukes v. Rowley, 24 Ill. 221; State v. Bush, 136 Mo. App. 614; People v. Young, 151 N. Y. 210; Mattingly v. Darwin, 23 Ill. 618; Grant v. State, 62 Ala. 233; Ex parte Bond, 96 S. W. (Tex.) 1081; Goll v. United States, 151 Fed. 412; Cribb v. State, 45 S. E. (Ga.) 396; Buchanan v. State, 45 S. E. (Ga.) 607; Ex parte Neil, 43 So. (Miss.) 615; Johnson v. Beazley, 65 Mo. 250; State ex rel. v. Nolan, 99 Mo. 577; Stockslayer v. United States, 116 Fed. 590; Overton v. Johnson, 17 Mo. 451; Hicks v. Ellis, 65 Mo. 184; Cole County v. Dallmeyer, 101 Mo. 65; State ex rel. v. Mitchell, 127 Mo. App. 460; Cook v. Penrod, 111 Mo. App. 128; Mobley v. Nave, 67 Mo. 546; Duval's Heirs v. McLoskey, 1 Ala. 708; Weaver v. Cooledge, 15 Ia. 24; Harmon v. Copenhauer, 89 Va. 836; State v. Shanley, 38 W. Va. 516; State v. Tedford, 6 Ired. (N. C.) 5; Green v. Morse, 57 Neb. 391; Clough v. State, 7 Neb. 320; Bowen v. Stewart, 128 Ind. 507; Wharton v. Sims, 88 Ga. 617. (2) The responding plaintiff here is foreclosed and estopped against attack upon the judicial orders of the probate court that were invited by his guardian and resulted in the guardian's deed. Smurr v. State, 123 Ind. 125;

21 Ency. Pl. and Pr. 611, note 1; Thompson v. Maxwell, 168 U. S. 451; Wilson v. Schafer, 107 Tenn. 300. (3) The lower right of A. G. Carter's widow to one-third of his interest for life, in the land and in the opened mines thereon, vested, by virtue of her deed, in defendant Byrd. And that estate or its issue is allotable to him, by admeasurement, or by equitable distribution of royalties, if that method be found necessary. But this was overlooked and practically denied below, though a clear right. R. S. 1899, sec. 2934; Phillips v. Pressen, 172 Mo. 27; Rice v. McFarland, 34 Mo. App. 404; Miller v. Talleu, 48 Mo. 503. (4) The judgment should not stand, as against the Davis leasehold, without its owners being parties to this cause. Spurlock v. Burnett, 170 Mo. 372; Phillips v. Hardenberg, 181 Mo. 463. (5) The adjudged forfeiture of the A. G. Carter lease is not supported by the pleadings; nor is there any evidence of the determination of the leasehold for any cause; nor of any attempt to enter for breach of conditions before suit brought. 2 Fay, Landl. and Ten. (9 Ed.), secs. 495 and 497. (6) Whether or not the court below was endowed with power to administer equities in behalf of plaintiff without pleading therefor, it could have done no less than require the restoration, as it did, of the purchase money to Bird by the guardian. Patillo v. Martin, 107 Mo. App. 653; Mably v. Nave, 67 Mo. 546; Shroyer v. Nickoll, 55 Mo. 264; 18 Ency. Pl. and Prac. 858-60; 16 Cyc. 140, 141; Andrews v. Conoly, 145 Fed. 46; McClure v. Lewis, 72 Mo. 326; Farmers' L. & T. Co. v. Railroad, 126 Fed. 46; Thompson v. Cohen, 127 Mo. 241; Fleckenstein v. Waters, 160 Mo. 656; Carlton v. Hulett, 51 N. W. (Minn.) 1053; Hill v. Hall, 77 N. E. (Mass.) 837.

BLAIR, C.—George G. Carter, a minor, by his curatrix, brought this suit in ejectment for an undivided one-fifth interest in five hundred and thirty-eight acres of land in Jasper county. The petition is in the usual form. The plaintiff is the sole heir at law of A. G. Carter, deceased, who at his death owned a one-fifth interest in the lands in suit. Harriet E. Carter is the mother and curatrix of plaintiff and widow of A. G. Carter.

In 1890, A. G. Carter and the defendant S. E. Carter, each owning a one-fifth interest in the lands in suit, obtained a lease on the remaining three-fifths for a term of fifteen years, with the option to renew for ten years. In 1903, A. G. Carter executed a lease on one hundred and sixty acres of the tract for twelve years to S. E. Carter. In November, 1904, Harriet E. Carter executed a quitclaim deed to defendant Byrd, and in November, 1905, Harriet E. Carter, individually and as curatrix of plaintiff, executed to defendant Byrd a lease on that part of the tract in suit not included in the lease from A. G. Carter to S. E. Carter. In February, 1906, Harriet E. Carter executed a deed as curatrix of plaintiff purporting to convey to Byrd the interest of her ward in the land in suit, receiving as consideration therefor the sum of five thousand three hundred and eighty dollars, which she accounted for as curatrix of plaintiff. Byrd seems also to have acquired title to the other four-fifths of the whole tract.

There was evidence that the price obtained by the curatrix for her ward's interest was far below its value and some effort was made to show that S. E. Carter, the uncle of plaintiff and father-in-law of Byrd, had misled the curatrix as to the value of the land.

With respect to the deed of the curatrix to Byrd, the records of the probate court were offered and disclosed that the November, 1905, term of the probate court of Jasper county adjourned to court in course

January 8, 1906, and that the next regular term of
court convened February 12, 1906. On February 7,
1906, the following appeared: "Jasper County Pro-
bate Court. Wednesday, February 7, 1906. Call day
of court term, 1906. Court convened pursuant to the
order of the judge in vacation. In the matter of the
estate of George Carter, a minor." Then followed
the order of sale, pursuant to which the curatrix at-
tempted to sell her ward's interest to Byrd.

There was no order calling a special term of court,
nor was there any minute or notation of any such or-
der of record or otherwise. These facts were shown
by the record of the court and the testimony of the
clerk. The order approving the sale, made at the reg-
ular February, 1906, term of the court, recites that
the order of sale was "made at the November (spe-
cial), 1905, term thereof." There was evidence tend-
ing to show the forfeiture of the leases executed by
A. G. Carter and by Harriet E. Carter, curatrix, to S.
E. Carter.

The judgment was for plaintiff, subject to dower,
the curatrix's deed being declared invalid and the
leases forfeited. The consideration was ordered re-
paid to Byrd, but he was required to account for royal-
ties accruing prior to the bringing of this action.

From the judgment all parties appeal.

1. The order of sale upon which the deed of the
curatrix to Byrd is grounded was made after the ad-
journment of the November, 1905, term of the Jasper
county probate court and prior to the convening of the
February, 1906, term, and without adjournment to
the day upon which it was made.

It is settled law that the "orders and judgments
of the probate courts, relating to matters within their
jurisdiction, will be presumed to have been regularly
made and entered until the contrary is made to ap-
pear" (Macey v. Stark, 116 Mo. l. c. 494), that such

orders and judgments are no more subject to collateral attack than the orders and judgments of courts of general jurisdiction (Cox v. Boyce, 152 Mo. 576; Bray v. Adams, 114 Mo. 1. c. 492), and that, "in the absence of any showing on the subject it should be presumed" that a special term of the probate court, at which an assailed order or judgment of the court was made or entered, was properly and lawfully held. [State ex rel. v. Nolan, 99 Mo. 569.]

Into this case, however, presumptions born of silence cannot come, since the record of the probate court is here and speaks the facts. Had not the record been put in evidence it would have been presumed sufficient to support the order of sale (Price v. Real Est. Assn., 101 Mo. 1. c. 116); but since the record is in evidence, it cannot well be presumed to be other than it is. [Freeman on Judgments, sec. 125; Ely v. Tallman, 14 Wis. 1. c. 33; Wade v. Hancock, 76 Va. 1. c. 625.]

The entry which purports to be an order of sale is preceded by the recital that "court met pursuant to the order of the judge in vacation," but no such order was entered on the records or elsewhere, nor had any minute or memorandum thereof been made by judge or clerk. Judges possess no inherent power to convene their courts, as such, in vacation. Such power, unless created by constitutional or statutory authority, does not exist.

It is not asserted that the article relating to the general powers and duties of courts of record (Art. 1, chap. 35, R. S. 1909) confers any such power as the judge of the Jasper county probate court attempted to exercise, but it is insisted that section 4060, Revised Statutes 1909, authorized the course pursued. That section relates to probate courts and reads as follows:

"Said court shall hold four terms annually, commencing on the second Monday of February, May, Au-

gust and November, and may hold special and adjourned terms at any time when required: Provided, however, that in all counties in which courts for the transaction of probate business are not held in more than one place, then in such cases courts shall be held at the times and places now designated or provided by law; said courts may alter the time for holding their stated terms, giving notice thereof in such manner as to them shall seem expedient.''

The question presented is whether the clause, ''and may hold special and adjourned terms when required,'' is to be construed to mean that the probate judge, without adjournment to a given day, without a previous order and without notice, may seat himself upon the woolsack and by mere force of transacting business which cannot be transacted in vacation, call into being a term of the probate court.

Before the statute is construed to invest the probate judge with such untrammeled power, it ought to be subjected to somewhat careful scrutiny. No such power is given the circuit judge, nor the county judges. Both the circuit and county courts may be convened only by authority of express statutes.

Long prior to the enactment of section 4060 (Laws 1877, p. 230) the statutes (R. S. 1909, secs. 3869, 3870) had applied the words ''special'' and ''adjourned'' to terms of courts of record held pursuant to orders made in term time and had used them interchangeably. In 1877, this court held that a session of the circuit court designated on the record as a *special* term would, under certain circumstances, be presumed, in the absence of a contrary showing, to be a term held pursuant to an order or proclamation of adjournment and not a special term called in vacation under section 3871, Revised Statutes 1909. [Hicks v. Ellis, 65 Mo. 176.]

Further, numerous sections of the statutes (Secs. 9, 10, 25, 29, 31, 92, 126, 136, 404, 405, 406, 407, 409, 410, 411, 412, 413, 415, 424, 437, R. S. 1909) specifically

authorize the probate judge to transact designated business in vacation and other sections (475, 534) provide for the calling of special terms in vacation in certain cases, all of which would seem unnecessary if the probate court is in session whenever it assumes to act.

It is to be observed, also, that section 4060 does not provide that the judge of the probate court may call or hold special terms when necessary, but that "said court . . . may hold special and adjourned terms at any time when required."

In every other case which has come under our observation in which the courts of this State are empowered to convene during vacation without previous order of adjournment during term time (Secs. 3871, 4038, 3902, 475, R. S. 1909) provision is made for the calling of the special term by the judge or majority of judges of the court in question. In the case of this court (Sec. 3902, R. S. 1909) both the terms held by order of the court in term time and those called by a majority of the judges in vacation are designated as "special terms."

Section 4060 authorizes "said court" to hold special terms as required. "An order made in vacation is not an order of the court as there can be no such thing as a constructive session of a . . . court" (Cook v. Penrod, 111 Mo. App. l. c. 137), and we think that the provision that the *court* may hold special and adjourned terms when required necessarily presupposes some action on the part of the court as such and falls short of investing the *judge* with the power to convene his court at will.

Interpreting the clause in question in section 4060 in the light of the legislative provisions referred to and the cases cited, we are of the opinion that the probate court of Jasper county was not in session at the time the order of sale, upon which the deed to Byrd depends, was made. A contrary holding would, in effect, mean that the probate courts of this State

are always in session. This we are unable to harmonize with the legislative will as expressed in the statutes cited.

Numerous cases are cited as supporting a contrary conclusion. None of them go to the length of holding that a court constituted as are our probate courts, possesses the inherent power to convene in vacation without an order of adjournment to that end, nor would we follow them if they did so hold.

Those cases holding that the records of a court cannot be attacked collaterally by parol are not in point, since no such attack was made in this case. The clerk's testimony was not open to this objection, nor would it have made any difference had the clerk found a vacation order or minute of the judge attempting to convene a special term of court, since we hold no power is vested in the probate judge to so convene his court, save in special cases which do not include that in hand.

Nor does the fact that Harriet E. Carter, the curatrix, appeared and attempted to file her petition for order of sale on February 6th estop either her or her ward from asserting that no court was in session on that day. The trouble with the argument on this head is that it assumes the existence of a court, in session at the time mentioned, conceding merely its defective organization. But no such court existed or could have existed, in the face of the record previously made by the court itself, under the construction we have given the statute. It is not necessary to discuss those cases in which the appearance of parties at a term held pursuant to the irregular exercise of a statutory power to call such term is held to estop them to question the validity of proceedings at such term. No such question is presented by this record. Nor are those cases in point which uphold the exercise by the judge in vacation, under specific statutory authority, of powers usually exercisable only in term time.

An order of sale of a minor's real estate can be made only by the court lawfully in session, and neither the judge, nor the curatrix, nor both of them, can create a term of court for that purpose. Nor can a term of the probate court be *estopped* into existence.

The order of sale was a nullity and consequently the deed of the curatrix to Byrd was void.

2. In view of what is said in the preceding paragraph, it becomes unnecessary to examine the correctness of the conclusion reached by the trial court that the deed to Byrd was void by reason also of fraud practiced in procuring it.

3. The fact that defendant Byrd had purchased and owned the dower interest of A. G. Carter's widow in the one-fifth of the tract which this suit is brought to recover, was no defense (Sell v. McAnaw, 138 Mo. 1. c. 273) nor does the judgment, as we construe it, affect in anywise defendant Byrd's right and title to such dower interest. The judgment is to the effect that "plaintiff have and recover possession of said premises, subject to the dower interest of plaintiff's mother." This means nothing more than that plaintiff's possession is subject to that interest whether it is still hers or has been conveyed. The phrase, "of plaintiff's mother," is descriptive of the source of the interest and not declarative of the present ownership. If defendant Byrd has purchased the dower interest, the judgment leaves plaintiff's possession subject to that interest in Byrd's hands.

4. The leases from A. G. Carter and from Harriet E. Carter, curatrix, contained a clause providing that "any failure to comply with and perform the requirements of this lease in good faith at any time shall end and determine the same and the said parties of the first part may declare an ouster, and re-enter upon and hold said demised premises."

Ejectment will lie for the recovery of premises held under leases of this character when the lessee

fails in his duty to observe his covenants. [Brooks v. Gaffin, 192 Mo. 228; Id., 196 Mo. 351.] There was substantial evidence tending to show a breach of the conditions of the leases, and the court's judgment for possession involved a finding that the leases were forfeited. That finding cannot be inquired into here. [Scanlan v. Gulick, 199 Mo. 449.]

5. A lease from S. E. Carter to one Davis, executed in 1904, covering eighty acres of the land in suit, was admitted in evidence over the objection and exception of defendants. No complaint of this ruling is made in the briefs, but it is insisted that the judgment must be reversed because Davis was not a party defendant. The evidence does not show that Davis was in possession under the lease mentioned at the institution of this suit. Consequently, there was no need of joining him as party defendant. Further, his rights, if any, are not affected by the judgment and no question concerning them can be determined in this case. Neither does it appear that Glass, also mentioned in the evidence, was in possession of any part of the land in suit when the suit was brought.

6. It is urged that it was error to render a joint judgment against the lessor and his tenants, the latter being in possession of different parts of the property sued for. No judgment for damages, rents or profits, was rendered except against Byrd, who was the lessor, and as to him the judgment merely requires him to account for royalties received. Assuming that he should not have been joined with his lessees in the first instance, still, since he answered without objection on that score and prayed and obtained affirmative relief, he cannot now complain. [Mann v. Doerr, 222 Mo. l. c. 13, et seq.] Nor can the lessees, not having raised the question below, be heard to insist upon it here. [Sutton v. Casseleggi, 77 Mo. 397.] In view of these considerations, the effect of the amendment of 1889 to section 1732, Revised Statutes 1909, with regard to

the propriety of joining the lessor and tenant in eject-
ment need not be discussed, nor is it necessary to dis-
cuss in this case the ruling in Mann v. Doerr, supra,
that the lessor cannot be joined as defendant without
his consent unless in actual possession. [See Cox v.
Jones, 229 Mo. l. c. 60-61.] However, in view of the
conclusion indicated in paragraph eight, infra, the
question discussed in this paragraph cuts but little fig-
ure in the case.

7. The plaintiff appealed from that part of the
judgment which adjudges the repayment to Byrd of
the consideration for the deed executed by his cura-
trix and herein held invalid. Under the circumstances
of this case, and since the plaintiff has become the
beneficiary of the payment, the point is ruled against
him. [Bone v. Tyrrell, 113 Mo. l. c. 187.]

8. There is no evidence that defendants S. E.
Carter and S. Kyger were in possession of the land at
the time of the institution of the suit. Their answer,
a general denial, put the possession in issue (Llewellyn
v. Llewellyn, 201 Mo. 303) and the demurrers to the
evidence separately offered by them should have been
sustained. In accordance with the power vested in
this court by the statute (Sec. 2083, R. S. 1909; Stotler
v. Railroad, 200 Mo. l. c. 150; Bensieck v. Cook, 110
Mo. l. c. 183; State ex rel. v. Tate, 109 Mo. 265), we
reverse the judgment as to the defendants S. E. Carter
and S. Kyger.

In all other respects the judgment is affirmed.

*Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR,
C., is adopted as the opinion of the court. All the
judges concur.