## WILLIAM DEWEESE, Appellant, v. PHILENA A. YOST, Administratrix, Respondent.

Kansas City Court of Appeals, January 22, 1912.

1. ADMINISTRATION: Bills and Notes: Joint Owners. Notes payable to plaintiff and another were found among the papers of the latter by his administratrix, and were included in the distribution of the personal estate. When plaintiff asserted his interest in said notes, the distributees conceded his claim. *Held*, that the inclusion of the notes in the order of distribution did not constitute a conversion of plaintiff's interest therein.

2. ———: ———: Order of Distribution. The order of distribution only transferred the interest of the intestate to the distributees and they became tenants in common with plaintiff, and as such were entitled to retain possession of the notes.

3. ———: ———: Tenants in Common. A tenant in common can only be held liable for conversion when he so appropriates the common property as to render its future use to his co-tenant impossible.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley*, Judge.

AFFIRMED.

*E. W. Taylor* for appellant.

*Jas. M. Houston* and *W. P. Houston* for respondent.

JOHNSON, J.—Plaintiff filed a demand in the probate court of Cass county against the estate of William E. Yost, deceased, to recover damages for the alleged conversion by the administratrix of two promissory notes in which plaintiff had a half interest. The demand was disallowed and plaintiff appealed to the circuit court where a trial without a jury resulted in a judgment for defendant.

In April, 1900, B. C. Cope executed and delivered to William E. Yost his negotiable promissory note for 550, payable to the order of said Yost and plaintiff, and in the following year he executed and delivered to Yost a second note for $512.62, likewise payable to Yost and plaintiff. In 1909, Cope paid $105.10 to Yost on account of these notes and Yost gave one-half of this payment to plaintiff. Afterward Yost died, in May, 1909, and his widow, Philena, was appointed administratrix of his estate. His heirs were his widow and two married daughters, Annie Rozier and Maude Hawthorne. The personal estate was large and greatly exceeded the debts of the decedent and in June, 1909, on the application of the heirs the probate court made an order of distribution in which each heir was given cash, stocks, bonds, notes and mortgages of the value of $25,000. The Cope notes had been kept by Yost, were found among his papers and were included in the distribution, one being allotted to Mrs. Rozier and the other to Mrs. Hawthorne. They were classified by the commissioners appointed to make the division of the assets as of doubtful value but were accepted by the respective distributees at their face value. At the time of the division the attention of the commissioners, administratrix and distributees was directed to

the fact that the notes were payable to Yost and plaintiff but none of the parties knew that plaintiff had an interest in them. They supposed from the fact that Yost was in possession of the notes that he was their sole owner at the time of his death. Plaintiff was absent from the state but returned after. the distribution and informed defendant and the distributees that he owned a half interest in the notes. His claim was conceded and the distributees disclaimed any intention of depriving him of his moiety of the proceeds should any be derived. On the theory that the inclusion of the notes in the order of distribution amounted in law to the conversion of his interest in them, plaintiff filed the present demand in the probate court.

We sanction the contention of plaintiff that the judgments and orders of probate courts are entitled to the same presumptions of verity as are accorded to courts of general jurisdiction proceeding according to the course of the common law (Sherwood v. Baker, 105 Mo. 472), and that such judgments and orders are no more subject to collateral attack than are the judgments of courts of general jurisdiction. But we do not agree with plaintiff that the order of distribution affected his interest in the notes. He was not a party to that proceeding, had no interest in it, and it would be a strange doctrine that would hold him bound by it. The only effect of the order of distribution was to transfer to the respective distributees the interest in the notes Yost had at the time of his death. The distributees became tenants in common with plaintiff and, as such, were entitled to retain possession of the notes.

"A tenant in common can only be held liable for conversion when he so appropriates the common property as to render its future use to his co-tenant impossible." [Merrill v. Mason, decided at this term.]

"If there is no intent to interfere with the owner's dominion of property there can be no conversion." [Sparks v. Purdy, 11 Mo. l. c. 226.]

The mere possession of the common property by one of the tenants, in the absence of any act hostile to the interest of the co-tenant, cannot amount to a conversion. The act of the administratrix in turning over the possession of the notes pursuant to the order of distribution was not an appropriation of the common property. Plaintiff still retains his interest in the notes and, therefore, is not injured. The judgment is affirmed. All concur.