## NELLIE SHANE et al. v. H. PEOPLES.

(141 N. W. 737.)

**Statute of limitations — pleading — demurrer.**

1. The running of the statute of limitations cannot be raised by demurrer, but must be pleaded in the answer. This is the case in North Dakota under § 6770, Rev. Codes 1905, even though the fact is apparent upon the face of the complaint.

**Judgment — collateral attack — jurisdiction — process — service of.**

2. To subject the judgment of a county court to collateral attack, the absence of jurisdiction must appear on the face of the judgment; and though the record may be irregular and defective, the judgment, if valid upon its face, is not as a rule subject to collateral attack. It is not sufficient, to overcome the presumption in favor of the jurisdiction of the court, for the person who seeks to avoid its consequences to merely allege that he had no legal notice of the pendency of the action in which it was rendered. Such person must allege what, if anything, was shown by the record in relation to the issue and service of process therein.

Note.—The authorities on the question what is collateral attack are reviewed in notes in 5 Am. St. Rep. 453, and 23 Am. St. Rep. 104.

**Presumption — courts — judgments.**

3. A court, on collateral attack, will be presumed to have done its duty, and this includes the presumption that all parties affected by said judgment and decree were properly before it.

**Action to quiet title — decree — sale under — collateral attack.**

4. An attempt to have declared void a sale made by the administrator of an estate, and the decree of the county court authorizing and ratifying the same, even though made in the form of an action to quiet title, is a collateral attack upon said sale and said decree.

**Administrator — real property — sale — proceedings in rem.**

5. The proceedings leading up to the sale of real estate by the administrator of the estate of an intestate, under the authorization of the county court, is a proceeding *in rem*.

**County court — heirship — presumption.**

6. Where a petition is filed in a county court by one of the heirs-at-law, which states that he is the sole and only heir-at-law, the court, in a collateral attack upon such proceeding by one who claims to have been an heir, and not to have been made a party to, or cited to appear in, such proceedings, there is a legal presumption that the county court passed upon the question of heirship.

**Judgment — pleading — notice.**

7. In a collateral attack upon a judgment of a county court and sale thereunder, it is not sufficient to allege that the party seeking to avoid it had not been served with notice or made a party thereto. The allegation should have been that there was not in fact such notice, and the record of the judgment did not show such fact.

**County court — jurisdiction — petition.**

8. The jurisdiction of a county court to administer an estate is conferred by the petition, and if the petition is, on its face, regular and a judgment is entered or a decree rendered in conformity therewith, jurisdiction will be presumed on a collateral attack.

**Fraud — sale — proof.**

9. Even where fraud is alleged in the presentment of such a petition, a sale thereunder will not be set aside without an allegation and proof that the purchaser at such sale was a party to such fraud.

Opinion filed April 22, 1913.

Appeal from the District Court for Wells County, *Burke,* J.

Action in equity to quiet title to real property and have declared void an administrator's sale thereof, alleged to have been fraudulently

procured. From an order sustaining a demurrer to the complaint and directing the entry of judgment for defendant, plaintiffs appeal.

Affirmed.

This is an appeal from an order sustaining a demurrer to a complaint and from a judgment dismissing an action. The demurrer not only attacks the complaint for lack of equity, but insists that the district court has no jurisdiction of the subject-matter. The action is in form one to quiet title to real estate, and its main purpose is to have set aside a conveyance of land to the defendant and respondent, Peoples, which was made on the 9th day of March, 1900, by the administrator of the estate of William Shane, deceased, under and by virtue of a proceeding which the plaintiffs allege to have been instituted in fraud of their ancestors and without notice to them. The action is brought by the children of two of the heirs-at-law of the deceased, their parents, in the *interim,* having also died. The contention is that the administration under which the real estate was sold to the defendant and respondent was procured by one Margaret Shane Dunton, who, it is alleged, fraudulently represented to the court that she was the sister and only heir-at-law of the deceased, when, as a matter of fact, she was only one of three, the others being John Shane, a brother, and Mary Shane, a sister, and that said John Shane and Mary Shane were not made parties to the proceedings.

*Edward P. Kelley* and *T. F. McCue,* for appellants.

Upon the death of a person, title to lands owned by him, at once vests in his heirs—in the absence of testamentary disposition of same.

Plaintiffs were not made parties to the proceedings in County Court, and had no notice, and are not bound by same. Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Gjerstadengen v. Van Dusen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233.

Proceedings had in County Court are void. Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Re Haas, 97 Cal. 232, 31 Pac. 893.

*Maddux & Rinker,* for respondent.

The plaintiffs were not heirs of the deceased, had no interest in the property in question, and cannot maintain this action. Rev. Codes 1905, § 6774.

If the plaintiffs have been defrauded by the administrator, their

remedy is by proper action against him and his bondsmen.  Rev. Codes 1905, § 8166.

Plaintiffs must plead, prove, and rely upon their own title, and not upon the weakness of defendant's title.  Hannah v. Chase, 4 N. D. 351, 50 Am. St. Rep. 656, 61 N. W. 18; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722.

The decrees of County Court cannot be attacked by action in the District Court.  Recitals in administrator's deed, prima facie.  4 Enc. Ev. 584.

Administrator is presumed to act honestly and within the scope of his authority.  McKenney v. Minahan, 119 Wis. 651, 97 N. W. 489.

BRUCE, J. (after stating the facts as above).  There is obviously no merit in the contention of defendant and respondent that the demurrer was properly sustained because the action was barred by the statute of limitations.  The running of the statute of limitations cannot be raised by demurrer, even though the fact is apparent upon the face of the complaint.  Rev. Codes 1905, § 6770.

The complaint, however, is clearly vulnerable to the objection that it is lacking in equity.  The law seems to be quite well established that the presumption is strongly in favor of the validity of sales of the nature of that in question.  18 Cyc. 814.  It is also well established that the existence and regularity of steps in the proceeding, not to establish jurisdiction, but sometimes necessary to perfect title in the purchaser, is almost uniformly presumed where the record is silent. 18 Cyc. 815; Moore Realty Co. v. Carr, 61 Or. 34, 120 Pac. 742.  A judgment, indeed, of a court of general jurisdiction, not void on its face, is presumed to be regular and valid.  Seaboard Nat. Bank v. Ackerman, 16 Cal. App. 55, 116 Pac. 91, 12 Enc. Pl. & Pr. 216.  This rule applies to county courts as well as to district courts.  Carter v. Carter, 237 Mo. 624, 141 S. W. 873; Deweese v. Yost, 161 Mo. App. 10, 143 S. W. 72; Hines v. Givens, 29 Tex. Civ. App. 517, 68 S. W. 295; Johnson v. Beazley, 65 Mo. 250, 27 Am. Rep. 276; George v. Norris, 23 Ark. 121; Re Davison, 100 Mo. App. 263, 73 S. W. 373; Dutton v. Wright, 38 Tex. Civ. App. 372, 85 S. W. 1025; Price v. Springfield Real Estate Asso. 101 Mo. 107, 20 Am. St. Rep. 595, 14 S. W. 57.  To subject a judgment to collateral attack, the absence of

the jurisdiction of the court entering the judgment must appear on the face of the judgment; and though the record may be irregular and defective, the judgment, if valid upon its face, is not, as a rule, subject to collateral attack. Bamberger v. Green, 146 Ky. 258, 142 S. W. 384; Moore Realty Co. v. Carr, supra. It is not sufficient, in order to overcome the presumption in favor of the jurisdiction of the county court in such a case, for the person who seeks to avoid its consequences to merely allege that he had no legal notice of the pendency of the action in which it was rendered. Such person must allege what, if anything, was shown by the record in relation to the issue and service of process therein. "It is not material," says the appellate court of Indiana in the case of First Nat. Bank v. Hanna, 12 Ind. App. 240, 243, "how erroneous the decree to sell real estate may have been, if the court had jurisdiction of the subject-matter and the parties it can not be assailed collaterally. That the court had jurisdiction of the subject-matter is not denied. It being a court of general jurisdiction, it will also be presumed that it had jurisdiction of the person of appellant, and this presumption would hold good until it is overcome by some showing to the contrary. The court will be presumed to have done its duty, and this includes the presumption that all parties affected by said judgment and decree were properly before it and were duly served with process. Where it appears on the face of the record that the court had jurisdiction, the judgment cannot be impeached collaterally. . . . If it does not so appear, this fact should be pleaded. It is not sufficient in such cases, in order to overcome the presumption in favor of the jurisdiction of the court, to aver that the parties seeking to escape its consequences had no legal notice of the pendency of the action in which it was rendered; but such party must allege what, if anything, is shown by the record in relation to the issue and service of process therein. . . . The reason for the rule just announced is that the record in such matters is conclusive. Were the judgment itself pleaded, and did it show upon its face that the party seeking to avoid it had been served with legal notice, an averment that no such notice had in fact been served would not be sufficient to overcome the recital of notice in the record; and when the record of the judgment is not set forth in the pleading, as it is not in the exception under consideration, every presumption as to what it contains will be indulged in its favor,

until the contrary is made to appear by direct averment." In the case of Cassady v. Miller, 106 Ind. 69, 5 N. E. 713, it was said: "It is nowhere alleged in appellant's complaint that the record of such judgment does not show that she was a party defendant in the action and judgment; nor do the appellants allege that the record shows that no summons was issued in the action for Melissa Cassady, or that she had not been personally served with summons issued therein, and the summons returned by the sheriff showing such service the requisite period of time before the rendition of such judgment. Upon the question of notice the only allegation of the complaint is that she, Melissa Cassady, was not served with process, and did not know of the rendition of such judgment nor of its existence until in 1881. This allegation is wholly insufficient, we think, to overcome the legal presumptions in favor of the validity of the judgment." Again, in the case of Krug v. Davis, 85 Ind. 309, the court said: "It necessarily follows that, besides or instead of denying the fact of service, the complaint should have alleged that there was not in fact, and the record of the judgment did not show, a return of service of summons upon the judgment defendant." See also Lantz v. Moffett, 102 Ind. 23, 26 N. E. 195; Indianapolis & St. L. R. Co. v. Harmless, 124 Ind. 25, 24 N. E. 369; Shoemaker v. South Bend Spark Arrester Co. 135 Ind. 471, 22 L.R.A. 332, 35 N. E. 280; Hadley v. Bourdeaux, 90 Minn. 177, 95 N. W. 1109; Clark v. Thompson, 47 Ill. 25, 95 Am. Dec. 457; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Gulickson v. Bodkin, 78 Minn. 33, 79 Am. St. Rep. 352, 80 N. W. 783; Stearns v. Wright, 13 S. D. 544, 83 N. W. 587; Exchange Bank v. Ault, 102 Ind. 322, 1 N. E. 562; Crittenden Lumber Co. v. McDougal, 101 Ark. 390, 142 S. W. 836; Potter v. Whitten, 161 Mo. App. 118, 142 S. W. 453: 1 Simon Pro. Pr. § 820; Kingman v. Paulson, 126 Ind. 507, 22 Am. St. Rep. 611, 26 N. E. 393; Westcott v. Brown, 13 Ind. 83; Dutton v. Wright, 38 Tex. Civ. App. 372, 85 S. W. 1025; Carter v. Carter, 237 Mo. 624, 141 S. W. 873; Bamberger v. Green, 146 Ky. 258, 142 S. W. 384.

That the proceeding at bar is a collateral attack upon the judgment of the county court is beyond question. "A collateral attack on a judgment," says the supreme court of Texas, in the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 327, "is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes

25 N. D.—13.

aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title and the adverse party attempts to avoid its effect." The court in this case held that an attack in trespass to try title of the devisees against a purchaser at an executor's sale upon a judgment by a probate court having jurisdiction over plaintiff, who confirmed the sale, was a collateral attack. See also subject "Collateral Attack," 2 Words & Phrases, 1249. "Wherever the validity of an executed order of sale is drawn in question other than by appeal, writ of error, certiorari, or timely application to the court wherein the order was made, the attack is collateral. Thus actions of ejectment, or in the nature of ejectment, wherein the title of a party claiming under a sale is attacked, bills to enjoin such actions, bills in equity to annul sales on any other ground than fraud, actions for the recovery of the purchase money where the defendant denies the validity of the sale, and objections at the final settlement of the executor or administrator, are collateral attacks." Enc. Pl. & Pr. 927, 928, and cases cited.

There can also be no question that the proceedings leading up to the sale of the real estate by the administrator are proceedings *in rem.* Satcher v. Satcher, 41 Ala. 26, 91 Am. Dec. 498; Goodwin v. Sims, 86 Ala. 102, 11 Am. St. Rep. 21, 5 So. 587; Johnson v. Beazley, 65 Mo. 250, 27 Am. Rep. 276.

It may be true in the case at bar, under the provisions of §§ 8024 and 8135, Rev. Codes 1905, that it was the duty of the court, if there were other heirs, or if it had reason to believe that there were other heirs, to give them notice of the proceedings and to cite them in. The petition, however, stated that the petitioner was the sole and only heir-at-law, and the presumption, in a case of collateral attack at any rate, is that the court passed upon this question. See Ewing v. Mallison, 65 Kan. 484, 93 Am. St. Rep. 299, 70 Pac. 369. "The general rule," says the supreme court of Texas in the case of Crawford v. McDonald, 88 Tex. 631, 33 S. W. 325, "is well established that a judgment rendered by a court even of general jurisdiction is void if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject-matter of the litigation. This principle is self-evident, because, until the court acquires jurisdiction,

it has no power to proceed to investigate and determine private rights. Logically, it can make no difference as to the validity of a judgment, whether the lack of jurisdiction of the person or of the subject-matter appears from the face of the record, or is made to appear by evidence *aliunde;* for if, for instance, no service was had upon the defendant, he not appearing in the case, the court, having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that he had been in fact duly served; and logically this want of power is the same whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law equally well settled upon principles of public policy, which precludes inquiry by evidence *aliunde* the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and, under the same, his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence *dehors* the record, that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts *dehors* the record for the purpose of showing the invalidity of the judgment, and therefore for all practical purposes in such collateral attack the judgment is held valid. . . . A court, in confirming the sale, will be conclusively presumed in this collateral attack to have investigated and determined correctly that the sale was made at the proper place, and no evidence *aliunde* to the contrary will be permitted to impeach the correctness of the judgment. The only relief, if any, permitted by the rules of law against an improper determination of such question by the court in rendering such judgment of confirmation is to be found in a direct attack upon the judgment where the court has full power to adjust the equities of the parties litigant." Richardson v. Butler, 82 Cal. 174, 16 Am. St. Rep. 101, 23 Pac. 9; 12 Enc. Pl. & Pr. 196; Price v. Springfield Real Estate Asso. 101 Mo. 107, 20 Am. St. Rep. 595, 14 S. W. 57; Re Davison, 100 Mo. App. 263, 73 S. W. 373; Seaboard Nat.

Bank v. Ackerman, 16 Cal. App. 55, 116 Pac. 91; Empire Ranch & Cattle Co. v. Coldren, 51 Colo. 115, 117 Pac. 1005; Bamberger v. Green, 146 Ky. 258, 142 S. W. 384; Crittenden Lumber Co. v. McDougal, 101 Ark. 390, 142 S. W. 836. There can be no question that the court had jurisdiction in this case. Jurisdiction was conferred by the petition. Richardson v. Butler, 82 Cal. 174, 16 Am. St. Rep. 101, 23 Pac. 9; Morris v. Robbins, 83 Kan. 335, 111 Pac. 470, 472; Satcher v. Satcher, 41 Ala. 26, 91 Am. Dec. 498. The petition was filed by an heir-at-law who stated that she was the only heir-at-law. Upon its face it was regular, and the proceedings of the court were regular. It may be that there were other heirs. The record, however, did not disclose the fact, or, at any rate, the pleading does not show that the record disclosed the fact. In the absence of such allegation the regularity of the proceedings must be presumed, and that the court determined that there were no other such heirs, and that no other notice need to be given.

But it may be contended that the rules above stated do not apply with their full force where fraud is present, and that, where a sale is brought about by fraud, a judgment or other proceeding may be collaterally attacked in a court of equity. Such is undoubtedly the rule. 18 Cyc. 810. It is, however, equally the rule that a bill to set aside a sale for fraud must charge the purchaser with notice of the fraud, and that there should be an offer in the pleadings to restore the purchase money. See 18 Cyc. 814; Gormley v. Palmes, 13 La. Ann. 213. There is no such allegation of fraud or complicity in fraud on the part of the defendant, Peoples, to be found in the complaint in this case. All that is said is "that on or about the 26th day of December, 1899, Margaret Shane Dunton filed her petition in the county court of Eddy county, North Dakota, praying for administration to be had upon the estate of William Shane, deceased. Through fraud and connivance, representing to the said county court that she, the said Margaret Shane Dunton, was the sister and only heir-at-law of the deceased; that in pursuance of the said petition for letters of administration, certain pretended proceedings were had in said Eddy county, attempting to probate the estate of the said deceased. . . . That carrying out the design to defraud these plaintiffs out of their rights, the said Peter J. Butler, as administrator, caused said real estate to be sold at admin-

istrator's sale, to the defendant herein, without any notice of any kind whatever, or any citation or any proceedings making the plaintiffs parties; that no notice was given in any manner whatever; that the said Margaret Shane Dunton consented to such conveyance." As far, indeed, as the defendant is concerned—and he is the party interested in this suit—the complaint is absolutely lacking in equity.

The judgment of the District Court is affirmed.

BURKE, J., being disqualified, did not participate.