# CHICAGO & NORTHWESTERN RAILWAY COMPANY, A CORPORATION, Appellant, v. K. A. NEPSTAD, Respondent.

(190 N. W. 1009.)

**Limitation of actions — objection that action not commenced within statutory limit can only be taken by answer, and not by objection to evidence.**

This is an appeal from a judgment in favor of the defendant on a directed verdict. On the trial the court sustained an objection to any evidence on the ground that it appeared that the action was barred by statute. The objection to the evidence was, in effect, a demurrer to the complaint on the ground that it appeared on the face of the complaint that the cause of action did not accrue within six years. But an objection that the action was not commenced within the time limited by statute can only be taken by answer. Hence there was manifest error in sustaining an objection to any evidence. Judgment reversed.

Opinion filed November 22, 1922.

Limitations of Actions, 37 C. J. § 709 p. 1207 n. 74; § 716 p. 1212 n. 31; § 720 p. 1216 n. 67. Pleading, 31 Cyc. p. 760 n. 96.

Appeal from the District Court of Dickey County, *McKenna, J.* Reversed.

*A. K. Gardner,* and *A. P. Guy,* for appellant.

The statute of limitations is a statute of repose which cannot be taken advantage of by demurrer, but must be pleaded by answer, and being an affirmative defense not constituting a counterclaim, is deemed to be denied or avoided without reply. (Assignments of Error

I, II, III, IV.) Comp. Laws, 1913, §§ 7358, 7452, 7467–7477; Scott v. N. W. Port Huron Co. 17 N. D. 91, 115 N. W. 192; Meyer v. School Dist. 4 S. D. 420, 57 N. W. 68; Lyon v. Bank, 15 S. D. 400, 89 N. W. 1017; Moore v. Persson, 21 S. D. 290, 111 N. W. 633; McCarthy Bros. v. Hanskett, 29 S. D. 535, 137 N. W. 286.

It is a general rule that where a person is obliged to pay money for which another is liable, his right of action to recover it from the latter accrues at the time of payment and the statute of limitations begins to run from that time. See Stockwell v. Ins. Co. (Cal.) 73 Pac. 833; Pleasant v. Samuels (Cal.) 45 Pac. 998; Enos v. Anderson (Colo.) 93 Pac. 475; In re Pangborn, 185 Fed. 673; Power v. Munger, 52 Fed. 705; West v. El Campo Land Co. (Tex.) 32 S. W. 424; Board of Comm'rs v. Streeter (Kan.) 43 Pac. 985; Owen v. Baxter (Mich.) 56 N. W. 930; Poe v. Dixon (Ohio) 54 N. E. 86; Wheeler v. Young (Mass.) 9 N. E. 531.

*J. A. McKee*, for respondent.

An amended pleading to be effective, must be rewritten, verified, served upon opposing counsel and filed. Satterlund v. Beal, 12 N. D. 122; Caledonia etc. Co. v. Noonan, 3 Dak. 189.

The complaint upon its face shows that the cause of action set out therein, clearly did not accrue within the statutory period as pleaded in the answer.

In such case where the plaintiff relies upon any fact to take the case out of the statute of limitations, he must plead the facts. Pierce v. Merrill (Cal.) 79 Am. St. Rep. 63.

When the statute of limitations has been pleaded, and the complaint shows upon its face that the cause of action is barred by the statute, a motion made at the trial to dismiss the action will be sustained. Davis v. Boyett (Ga.) 1 Am. St. Rep. 386.

Even where the statute provides that the defense of the statute of limitations must be raised by answer and not by demurrer, it is held that such a statute does not deny the right to interpose limitations by a demurrer or by a special exception. 25 Cyc. 1398, B, 3 and notes cited.

Where facts are relied upon to avoid the statute of limitations, it is not sufficient to merely join issue by a general reply, but the matter of avoidance must be specially pleaded. 25 Cyc. 1422, E, 2.

Where the defense has not been anticipated in the complaint, and is set up in the answer, the facts relied upon in avoidance of the statute must be pleaded in a reply, or they must be pleaded by *an amendment* of the complaint. 25 Cyc. 1415, D, 2.

It is a settled proposition of law that the statute of limitations begins to run from the time when a complete cause of action accrues, that is when a suit may be maintained. 25 Cyc. 1065, VI–A. Pomeroy, Code Pl. 822, note.

ROBINSON, J. This is an appeal from a judgment in favor of defendant on a directed verdict. On the trial the court sustained an objection to any evidence on the part of the plaintiff on the ground that it appeared from the complaint that the action was barred by statute. The complaint avers that on April 4, 1912, the plaintiff leased to defendant part of its right of way in Oakes, North Dakota, a part of lots 13 and 14 on its right of way; that the lease was until January, 1917; that by the lease defendant agreed to pay for rent $5 a year and all taxes' until January 9, 1917; that for the years 1913 and 1914 taxes were duly levied against the leased premises amounting to $233.37, which defendant failed to pay and which the plaintiff paid and demanded repayment on January 24, 1920.

The answer avers that in March, 1914, the lease was canceled by mutual agreement. Then it avers that the cause of action did not accrue within six years. Now the objection to the evidence was, in effect, a demurrer to the complaint on the ground that it appeared on the face of the complaint that the cause of action did not accrue within six years. But "An objection that the action was not commenced within the time limited by statute can only be taken by answer." Comp. Laws, 1913, § 7358. It cannot be taken by demurrer or by the objection to the introduction of any testimony. This defense became a question of fact. However, in this case the cause of action, if any, accrued from the time that plaintiff paid the taxes and demanded repayment which was not six years before the commencement of the action. Manifestly the court erred in excluding any evidence and in directing a verdict.

Judgment reversed.

BIRDZELL, Ch. J., and BRONSON, GRACE, and CHRISTIANSON, JJ., concur.