[File No. 6749]

E. H. GILBERTSON, Administrator with the Will Annexed of Andrew H. Stavens, Deceased, Appellant, v. BESSIE M. VOLDEN and KNUTE R. VOLDEN, Her Husband, Agnes England and Henry England, Her Husband, Louise Stavens Awes and M. Sigbert Awes, Her Husband, Hanna Stavens Borglum and Her Husband, Whose Name Is to the Plaintiff Unknown, Andrew Stavens Awes, Robert Awes, Richard Awes, Ann Louise Borglum and the Unknown Heirs of Louise Stavens Awes, Agnes Stavens England, Hanna Stavens Borglum and Bessie Stavens Volden, and Andrew H. Stavens, Inc., a Corporation, and Louise Stavens Awes, as Administratrix of the Estate of Randine A. Stavens, Deceased, and Andrew Stavens Awes, Guardian ad Litem of Robert Awes, Richard Awes and Ann Louise Borglum, Minors, Respondents.

(299 NW 250)

Opinion filed July 14, 1941.   Rehearing denied August 9, 1941.

*George A. Soule* and *Leland J. Smith,* for appellants.

*Traynor & Traynor,* for respondents.

MORRIS, J. This is an action brought by the administrator with the will annexed of the estate of Andrew H. Stavens, deceased, seeking to have set aside certain conveyances of real property and transfers of personal property made by the deceased some time prior to his death upon the ground that the transfers and conveyances were fraudulent as to creditors of the deceased.

The trial court sustained a demurrer to the amended complaint on

the ground that it failed to state facts sufficient to constitute a cause of action. The court also granted the defendants' motion to dismiss the action on the ground that the statute of limitations had run against plaintiff's cause of action and ordered the action dismissed upon the merits. The defendants appeal from the judgment entered in accordance with this order and the order sustaining the demurrer.

The complaint shows that Andrew H. Stavens died on or about June 17, 1934. Probate proceedings were commenced in the county court of Steele county by a creditor on June 25, 1935. On July 26, 1935, an administrator was appointed and letters of administration duly issued. A notice to creditors was published wherein February 29, 1936, was fixed as the time for hearing claims and on that date an order was entered approving the claims of creditors. The names of the creditors and the amounts of the claims totaling approximately twenty-eight thousand dollars are set forth in the complaint. After the administrator was appointed a will was discovered, whereupon the administrator was discharged, the will admitted to probate and E. H. Gilbertson was appointed administrator with the will annexed.

The complaint also alleges that for many years prior to his death and up to the date of the conveyances involved in this case, Andrew H. Stavens owned a number of tracts of land in Steele county. On December 2, 1931, Andrew H. Stavens and his wife, now deceased, deeded a portion of said land to the defendants, Bessie Stavens Volden, Louise Stavens Awes, Agnes Stavens England and Hanna Stavens Borglum which deed was recorded in the office of the register of deeds of Steele county on December 10, 1931. On June 19, 1931, Andrew H. Stavens deeded to Bessie Stavens Volden and her husband, other tracts of land. On December 2, 1931, the deceased and his wife deeded to Agnes Stavens England still another tract of land. This deed was recorded on December 31, 1931. On October 1, 1931, the deceased deeded other tracts of land to his wife who, on December 2, 1931, deeded these lands to Louise Stavens Awes, Agnes Stavens England, Hanna Stavens Borglum and Bessie Stavens Volden, the latter deed being recorded on December 10, 1931.

It is further alleged in the complaint that on or prior to the time these conveyances were made, the deceased was indebted to the persons and in the amount set forth in the complaint and that at that

time he owed other debts to various persons and corporations in the approximate sum of one hundred thousand dollars secured by mortgages on all of his other real estate.

The complaint also alleges various transfers by bills of sale of numerous items of personal property to certain of the defendants heretofore named and to the defendant, Andrew H. Stavens, incorporated. These bills of sale bear various dates, the last being October 5, 1932. On March 31, 1934 and June 4, 1935, Andrew H. Stavens, incorporated, conveyed certain personal property set out in the complaint to Louise Stavens Awes.

It is further alleged that by making the foregoing conveyances, transfers and mortgages, the deceased was left without sufficient property to pay his debts and that he, thereby, placed himself, prior to his death and subsequent to the time that the obligations were incurred, in an insolvent condition.

It is alleged upon information and belief that the transfers and conveyances were made with the intent on the part of said deceased and on the part of the defendants to hinder, delay and defraud existing creditors.

The question before us is whether the complaint is sufficient to withstand the defendants' attack by demurrer and by the motion to dismiss.

There has been no trial of issues of fact, no evidence in any form has been presented to the trial court. The motion to dismiss and for judgment in favor of the defendants is equivalent to a motion for judgment on the pleadings. The only pleadings are the complaint and the demurrer. The motion presents no questions either of law or fact other than those questions presented by the demurrer. The judgment appealed from must, therefore, stand or fall in accordance with the determination of those questions.

The demurrer attacks the sufficiency of the statement of a cause of action in the complaint. South Dakota has held that a motion to dismiss an action on the ground that the complaint does not state facts sufficient to constitute a cause of action, is irregular and that the proper method of challenging a complaint upon that ground is either by demurrer before trial or by an objection to the introduction of evidence at the trial. Thomas v. Issenhuth, 18 SD 303, 100 NW 436.

This is an action in equity brought by an administrator to recover

property alleged to have been fraudulently conveyed by the deceased grantor. Such an action is specifically provided for by § 8811, N. D. Comp. Laws 1913. The allegations of the complaint disclose that it is an action for the benefit of creditors. Beith v. Porter, 119 Mich 365, 78 NW 336, 75 Am St Rep 402; Schouler, Wills, Executors & Administrators, 6th ed. §§ 2153, 2154; Woerner, American Law of Administration, 3d ed. § 296; Johnson v. Rutherford, 28 ND 87, 147 NW 390.

When the sufficiency of a complaint arises upon challenge by demurrer, all of the inferential and presumptive intendments are in favor of the pleading. Its allegations must be liberally construed with a view of substantial justice between the parties. N. D. Comp. Laws, 1913, § 7458; Kusma v. Citizens' State Bank, 62 ND 562, 244 NW 26; McCurdy v. Hughes, 61 ND 235, 237 NW 748; Weber v. Lewis, 19 ND 473, 126 NW 105, 34 LRA(NS) 364; Northern Trust Co. v. First Nat. Bank, 25 ND 74, 140 NW 705; Cammack Piano Co. v. Western Surety Co. 56 ND 262, 216 NW 561; Olsness v. State, 58 ND 20, 224 NW 913.

In support of the demurrer the respondents contend that the complaint does not state that at the time of making the transfers Andrew H. Stavens was insolvent or that the making of the transfers resulted in placing him in an insolvent condition. The respondents are correct in asserting that such an allegation is necessary and vital to the statement of a cause of action to set aside conveyances alleged to be fraudulent. It must appear that the grantor was insolvent or rendered himself insolvent by the execution and delivery of the conveyances. Merchants Nat. Bank v. Armstrong, 54 ND 35, 208 NW 847; Hunt v. Holmes, 64 ND 389, 252 NW 376.

The amended complaint, after setting forth the transfers of real and personal property to which we have previously referred, alleges "That the making of said conveyances, transfers and mortgages of said real and personal property left the deceased without sufficient property to pay his debts and that the deceased by mortgaging and conveying his property by recorded and unrecorded instruments, placed himself, prior to his death, and subsequent to the time that the obligations were incurred, which were set forth in paragraph fourteen (XIV) of this Complaint, in an insolvent condition."

Paragraph fourteen (XIV) of the complaint sets forth in detail the claims of creditors allowed by the county court. The respondent vigorously asserts that the foregoing language does not allege that at the time the transfers, or any one of them, was made, the grantor was or thereby became insolvent.

While we cannot recommend the language of the complaint as a model of clarity of statement the meaning is not obscure. When supported by the prop of liberal construction, it contains sufficient substance to stand against demurrer. The reasonable intendment of this language is that after making the transfers and conveyances, set out in the complaint, the defendant did not have left sufficient property to pay his obligations. In other words, he became insolvent.

It is next contended that the complaint fails to allege facts sufficient to constitute a cause of action because it appears from the face of the complaint that the action is barred by the statute of limitations. We need not here determine which statute of limitations applies for the statute of limitations may not be raised in this state by demurrer. That question is determined by statute. Section 7358, ND Comp. Laws, 1913, provides that "the objection that the action was not commenced within the time limited can only be taken by answer." The running of the statute of limitations cannot be raised by demurrer even though the fact that the statutory period has elapsed is apparent on the face of the complaint. This rule is applicable to equitable as well as legal actions. Shane v. Peoples, 25 ND 188, 141 NW 737; see also Chicago & N. W. R. Co. v. Nepstad, 49 ND 221, 190 NW 1009.

The next point presented by the respondents is that the statutory provision requiring the statute of limitations to be pleaded by answer does not apply to laches and that where laches appears upon the face of the complaint, it is a proper ground for demurrer in an equitable action. It is further argued that in determining the existence of laches, based upon delay in bringing an action, the statute of limitations is the criterion by which the existence of laches is determined. Considerable, creditable authority is cited in support of this contention. However, in many jurisdictions, having no statute comparable to our § 7358 ND Comp. Laws, the statute of limitations is a proper ground for demurrer, likewise, it is held in those jurisdictions that a bill in equity may be tested on the score of laches by demurrer and courts of

equity will ordinarily be guided by the statute of limitations in passing upon the question of laches. Pomeroy, Equitable Limitations, 2d ed. § 2; 21 CJ pp. 253 and 435.

The complaint does not show that the respondents have undergone a change of conditions during or have altered their position to their disadvantage by virtue of the time elapsing between the execution of the conveyances and the commencement of the action. Neither does the complaint disclose that the respondents will be damaged or prejudiced by virtue of the delay. The claim of laches, therefore, must rest strictly upon the proposition that the creditors of the deceased have slept upon their rights without excuse. Laches so based is the equitable equivalent of the legal statute of limitations even though there be no fixed time within which it becomes an absolute bar.

We are dealing with a question of pleading. The legislature has seen fit to require that the statute of limitations be pleaded by answer. Courts are not given to encouraging the evasion of statutes. Where the lapse of a certain period of time may not be raised by demurrer to a complaint because of our statutory rule, we will not call the lapse of this same period of time, laches, and under that name consider it as a ground for demurrer. Reversed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.