[File No. 7244]

CARL J. IVERSON, Appellant, v. ELLEN TWEEDEN, Amos Tweeden and Inez G. Tweeden, Respondents.

(48 NW2d 367)

Opinion filed June 1, 1951

*J. E. Hendrickson* and *Roy K. Redetzke,* for appellant.
*Shure & Shure,* for respondent, Ellen Tweeden.
*Lashkowitz and Lashkowitz,* for respondents, Amos Tweeden and Inez G. Tweeden.

Morris, Ch. J.   The plaintiff seeks a declaratory judgment under the provisions of Chapter 32–23 RCND 1943, which is a legislative adoption of the first thirteen sections of the Uniform Declaratory Judgments Act.   ULA, Vol 9, p 215.   The defendants demurred to the plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The plaintiff has appealed from an order of the trial court sustaining the demurrer.

The complaint alleges that on the first day of May, 1947, the defendants sold to the plaintiff certain real estate in the city of

Fargo by a written contract for deed which is attached to and made a part of the complaint.

The consideration was $85,000.00. The plaintiff, who is referred to in the contract as the party of the second part, further obligated himself to keep the property insured for 90 per cent of its insurable value and pay all taxes and assessments. With respect to the time and manner of payment, the contract provided:

"The sum of One Thousand ($1000.00) Dollars cash, and the sum of One Thousand ($1000.00) Dollars paid on the first day of February, March, April and May, 1947, and the further sum of One Thousand ($1000.00) Dollars to be paid on the first of each month thereafter until the full sum of Eighty-Five Thousand ($85,000.00) Dollars is paid, with interest at the rate of four per cent (4%) per annum, from January 1, 1947, payable monthly.

"It is understood and agreed by and between the parties hereto that the sum of Seven Hundred ($700.00) Dollars each month shall be applied on the principal and interest, and the balance of Three Hundred ($300.00) Dollars of said monthly payments shall be set aside to apply on the payment of taxes, assessments and insurance under the terms of this contract. In the event that said sum so set aside is insufficient to pay said taxes, insurance and assessments, then the party of the second part shall on the first day of March and October of each year make up said deficiency and pay the same to the said parties of the first part, with interest at 4 per cent. If on March 1 and October 1 of each year any surplus remains in said fund, for the payment of taxes, insurance and assessments as aforesaid, it shall be returned to said second party.

"The full amount of this contract shall become due and payable on January 1, 1952."

We now consider those paragraphs of the complaint in which the plaintiff sets forth his version of the facts under which a dispute between the parties developed. In paragraph III he alleges:

"That in accordance with the terms and conditions of said contract for deed, said plaintiff has regularly made all of the pay-

ments in manner and form prescribed and required in said contract for deed and has fully and completely performed all of the terms and conditions of said contract for deed with reference to all payments to be made thereunder and pursuant thereto."

The next paragraph, IV, shows departures from the provisions of the written contract. It says:

"That under the terms and provisions of said contract, said plaintiff was required and did pay said defendants the sum of One thousand dollars ($1000.00) per month to apply on the purchase price thereof, commencing with February 1, 1947, and in addition the further sum of One thousand dollars ($1000.00) in cash as of the date of the execution of said instrument; that under the terms and provisions of said contract, the purchase price of said property was the sum of Eighty-five thousand dollars ($85,000.00), and that on the date of the execution of said instrument, said plaintiff had paid the sum of Five thousand dollars ($5000.00) on said property.

"That said plaintiff has on the first day of each and every month since February 1, 1947, save and except as hereinafter stated, paid to said defendants the required monthly payment of One thousand dollars ($1000.00) as required by said contract; that said payments were so made by agreement between all of the parties to said contract in the following manner: the sum of Seven hundred dollars ($700.00) per month was paid by the plaintiff to the defendants directly; the balance of each of said monthly payments in the sum of Three hundred dollars ($300.-00) was deposited by the plaintiff in the Northwestern Mutual Savings and Loan Association of Fargo, North Dakota, in a special account and fund to the credit and in the names of the plaintiff and all of the defendants; that said payment and deposit of Three hundred dollars ($300.00) in such special account and fund was made for the purpose of complying with the terms and provisions of said contract wherein it is provided that the sum of 'Three hundred dollars ($300.00) of said monthly payments shall be set aside to apply on the payment of taxes, assessments and insurance under the terms of this contract,' and that all of the taxes, assessments and insurance accrued, due and owing under the terms of said contract from time to time were

and have been paid in full from said special account and fund."

It may be here noted that the agreement above set forth that provides for the creation of a special account or fund in the Northwestern Mutual Savings and Loan Association is not part of the original contract. This subsequent agreement was not wholly complied with, for paragraph IV of the complaint goes on to say:

"That the only deviation in the method of making payments as herein set forth was the payments made by the plaintiff on June 2, 1947, June 30, 1947 and October 28, 1947; that on each of said above mentioned dates, the plaintiff paid the sum of One thousand dollars ($1000.00) to W. H. Shure of Fargo, who was an officer and director of said Northwestern Mutual Savings and Loan Association, and also during all of said times was acting as attorney for the defendant, Ellen Tweeden. That when said plaintiff made all of said three payments as above set forth in the sum of One thousand dollars ($1000.00) each, said W. H. Shure delivered to the said plaintiff, a receipt showing that said One thousand dollars ($1000.00) was made as a payment on said contract and that the same would be applied pursuant to the provisions thereof.

"That there now remains in said special account and fund in the Northwestern Mutual Savings and Loan Association of Fargo, North Dakota, the sum of Three thousand six hundred three dollars and ninety-one cents ($3603.91), which fund has accumulated from time to time by the deposit of said Three hundred dollars ($300.00) by the plaintiff herein each month for the purpose of securing the payment of taxes, assessments and insurance as they accrue under said contract for deed from time to time."

Paragraph V of the complaint alleges that the balance of $3603.91 in the special fund "constitutes and is in fact a full and complete payment and performance of the terms and provisions of said contract for deed covering the Three hundred dollar ($300.00) monthly payments thereunder 'to apply on the payment of taxes, assessments and insurance.'" In paragraph VI the plaintiff attempts to explain the disagreement between the parties in this manner:

"That said difference between the parties arose in the following manner: an insurance premium on said property amounting to the sum of Three thousand dollars ($3000.00) was due and payable in 1947; this obligation was paid out of the three payments made by the plaintiff to W. H. Shure as hereinbefore alleged by said defendants paying the whole of said payment in the sum of One thousand dollars ($1000.00) each on June 2, 1947, June 30, 1947 and October 28, 1947, and said defendants thereupon charged against said plaintiff the total sum of Three thousand dollars ($3000.00), whereas said defendants had in fact only advanced Twenty-one hundred dollars ($2100.00) of their own funds in the payment of said insurance obligation, because Three hundred dollars ($300.00) of each of said One thousand dollar payments should have been paid into said special account for the payment and retirement of said insurance obligation and which sums amounted to a total of Nine hundred dollars ($900.00), and was the funds and moneys of the plaintiff. and not the defendants to be used in the payment of taxes, assessments and insurance as provided by said contract."

In paragraph VII he pleads a purported tender of $2100.00 and interest of $226.00 by alleging a deposit of these amounts with the Northwestern Mutual Savings and Loan Association to the credit of the defendants and the refusal of the defendants to accept the tender. Plaintiff then alleges that he has discharged all of his obligations with reference to payments he was required to make for taxes, assessments, and insurance, but that the defendants still maintain that he must pay into the special account the sum of $937.33 for the purpose of paying those items for which he is obligated under the contract. The plaintiff further alleges that, by reason of the facts he has set out, there is a justiciable controversy between the parties and prays for a declaratory judgment determining the amount, if any, due from plaintiff to the defendants under the terms and provisions of the contract with respect to insurance, assessments, and taxes and declaring that he has fully performed his obligations with respect to those matters.

When a complaint is challenged upon the ground that it fails to state facts sufficient to constitute a cause of action, all of the

inferential and presumptive intendments are in favor of the pleading. Gilbertson v. Volden, 71 ND 192, 299 NW 250; Mutual Life Insurance Co. of New York v. State, 71 ND 78, 298 NW 773, 138 ALR 1115. A demurrer does not reach such matters as uncertainty when sufficient facts are stated. Roethke v. N. D. Taxpayers Ass'n, 72 ND 658, 10 NW2d 738. However, the rule of liberal construction has never extended so far as to supply any material allegation that may be omitted from the complaint. Northern Trust Co. v. First National Bank, 25 ND 74, 140 NW 705.

In Great Northern Ry. Co. v. Mustad, 76 ND 84, 33 NW2d 436, and Langer v. State, 69 ND 129, 284 NW 238, we quoted with approval the following passage from State ex rel. LaFollette v. Dammann, 220 Wis 17, 264 NW 627, 103 ALR 1089:

"The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it. (2) The controversy must be between persons whose interests are adverse. (3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest. (4) The issue involved in the controversy must be ripe for judicial determination."

When a complaint praying for a declaratory judgment is tested on demurrer under the challenge that it does not state facts sufficient to constitute cause of action, the ultimate question is whether the facts as pleaded, when considered in the light of our rule of liberal construction, disclose the presence of the first three of these prerequisites of declaratory relief.

We examine the complaint to determine whether it shows that there exists between the parties a justiciable controversy. In order to present a justiciable controversy under the declaratory judgments act, the complaint must allege facts upon which the court can render a judgment or decree that will terminate the controversy or remove an uncertainty. Section 32-2305 RCND 1943. The plaintiff does not seek to construe the terms of the written contract for deed. According to the allegations of para-

graph IV of the complaint, the parties by agreement immediately deviated from the contract and established a special account or fund in which was to be deposited $300.00 out of each monthly payment. Further on in this paragraph it is shown that the plaintiff deviated from the deviation that had been agreed upon by making three payments of $1000.00 each to W. H. Shure, who gave the plaintiff a receipt showing that the payments were made on the contract and would be applied pursuant to the provisions thereof. In paragraph VI of the complaint by which the plaintiff attempts to explain how the difference between the parties arose, it appears that Mr. Shure used the $3000.00 which he had received to pay an insurance premium in that amount, the payment of which was the obligation of the plaintiff, or to repay the defendants for money advanced to pay the insurance premium. The conclusion can be drawn from the complaint that the plaintiff contends that if proper credits are given them, they should be held to have discharged their obligation to pay taxes, assessments and insurance, while the defendants contend that the plaintiff has failed to discharge this obligation to the extent of $937.33. That is a controversy. Its determination will settle whether the plaintiff is in default under the provisions of the contract with reference to insurance, taxes, and assessments. It is a dispute that is justiciable in its nature. Whether it is so in fact depends upon the sufficiency of the allegations stated in the complaint to afford an operative basis upon which the court can determine legal consequences that will be decisive of the controversy or will remove an uncertainty. The fact that the dispute does not directly involve a construction of the terms of the contract or of its subsequent modification does not prevent declaratory relief. Our declaratory judgment act is by its own terms remedial and is to be construed and administered liberally. Section 32–2312 RCND 1943. Its application is not confined to the construction of formal writings. Coshocton Real Estate Co. v. Smith, 147 Ohio St 45, 67 NE2d 904; Temm v. Temm, 354 Mo 814, 191 SW2d 629. A complaint in an action for a declaratory judgment need not show that plaintiff is entitled to executory relief. Reid v. Anderson, 116 Utah 455, 211 Pac2d 206; Webb v. Clatsop County School Dist. No. 3,

188 Ore 324, 215 Pac2d 368; Columbia Pictures Corp. v. DeToth, 25 Cal2d 753, 161 P2d 217, 162 ALR 747.

In State ex rel. Smith v. Haveland, 223 Minn 89, 25 NW2d 474, it is said:

"Among the essentials necessary to the raising of a justiciable controversy is the existence of a genuine conflict in the tangible interests of the opposing litigants. Complainant must prove his possession of a legal interest or right which is capable of and in need of protection from the claims, demands, or objections emanating from a source competent legally to place such legal interest or right in jeopardy. Although complainant need not necessarily possess a cause of action (as that term is ordinarily used) as a basis for obtaining declaratory relief, nevertheless he must, as a minimum requirement, possess a bona fide legal interest which has been, or with respect to the ripening seeds of a controversy is about to be, affected in a prejudicial manner."

The complaint before us shows that the contract for deed runs until January 1, 1952. It also shows that $3,000.00 has been paid to Mr. Shure and applied in some manner in payment of an insurance premium, the payment of which was the obligation of the plaintiff. A dispute arose as to the manner in which this sum or parts thereof is to be credited toward the discharge of plaintiff's obligations under the contract. A study of the entire complaint discloses that an actual justiciable controversy does exist which may be resolved and terminated by a declaratory judgment. The interests of the parties to this controversy are unquestionably adverse and legally protectible. Thus we are lead to the conclusion that the complaint states a cause of action and that the trial court erred in sustaining the demurrers of the defendants. The order appealed from is reversed and the case is remanded for further proceedings.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.