Alf HAGEN, Selma Camille Kopperud, Johan Edgar Hagen, Agnes Elida Toso, Oscar Hagen, Anne Ovedia Pratt, Jennie Evelyn Anderson, and Ingvald Hagen, Plaintiffs and Respondents,

v.

Minnie ALTMAN and G. A. Altman, her husband, Williams County, North Dakota, a public corporation, and all other persons unknown claiming an estate or interest in, or lien or encumbrance upon the real property described in the Complaint, Defendants and Appellants.

No. 7605.

Supreme Court of North Dakota.

Oct. 26, 1956.

Ilvedson, Pringle & Herigstad, Minot, for Victor V. Stiehm, Adele Stiehm, Irma Stiehm Goldy and Emilie Stiehm, as Trustees of the Stiehm Inv. Co., appellants.

Burk & O'Connell, Williston, for respondents.

JOHNSON, Judge.

This is an action to quiet title to real property located in Williams County, North Dakota, commenced on the 12th day of August 1954. Judgment by default was entered on the 15th day of October 1954. On October 13, 1955, Victor V. Stiehm, Adela Stiehm, Irma Stiehm Goldy and Emilie Stiehm, as trustees of the Stiehm Investment Company, a defunct corporation, noticed a motion to open up and set aside the default judgment entered in this action and to permit them, as trustees of the Stiehm Investment Company, to file an answer, a copy of which was attached to the motion.

The notice of motion and the motion, together with an affidavit of merits and a copy of the proposed answer were served upon the attorneys for the plaintiff on the 14th day of October 1955. The plaintiffs resisted the motion, filed a counter affidavit to the affidavit of merits made by Mr. Victor V. Stiehm, one of the trustees of the Stiehm Investment Company, and upon the hearing on the motion also took oral testimony of Mr. Stiehm and another witness.

On January 6, 1956, the District Court of Williams County denied the motion to open and set aside the default judgment and permit the parties to file answer and defend the action. The moving parties, Victor V. Stiehm, Adela Stiehm, Irma Stiehm Goldy and Emilie Stiehm, as trustees of the Stiehm Investment Company, appeal to this court from the order denying the motion to open and set aside the judgment and permit them to defend.

The trial court's first ground for denial of the motion was thus stated:

"* * * it clearly appears from the evidence adduced by affidavit and cross-examination of Victor V. Stiehm and from the moving Defendants' Proposed Answer that the cause of action of the moving Defendants against the Plaintiffs and their predecessor in interest accrued more than six years prior to the service of the Notice of Motion to Vacate the Judgment."

It also based its order of denial upon the ground that the Stiehm Investment Company had not acted with reasonable diligence in presenting its motion after Victor V. Stiehm became aware of the significance and effect of the judgment with respect to the possible interest of the Stiehm Investment Company in the real property involved in this action.

The appellants specify as error that the trial court can go no further than to determine whether a meritorious defense is presented by the affidavit of merits and the proposed answer, and that it may not anticipate a defense of the statute of limitations; this statute is an affirmative defense which must be pleaded. The appellants also specify as error that though the statute of limitations might be considered by the trial court in determining the motion to open and set aside the judgment, the situation as to the state of the title indicates a constructive trust in favor of the appellant to the title of the property, and that the only statute of limitations involved, if any, is the twenty-year statute, NDRC 1943, 28–0104; and that the court erred in determining that reasonable diligence was not exercised by the moving parties.

For a complete understanding of the situation it is necessary to set forth the essential facts giving rise to the application of the appellants to open up and set aside the default judgment entered in this action.

The quiet title action involves a 40-acre tract of land described as the Northeast Quarter of the Northwest Quarter (NE¼NW¼) of Section 23, Township 158 North of Range 95 West of the 5th P.M. At the time of the commencement of the action and prior to its forfeiture for taxes to Williams County, North Dakota, the record title to the land was in Mrs. Minnie Altman. The taxes for 1931 became delinquent and were sold on December 13, 1932, at public auction. Williams County, North Dakota, took tax title to the property involved on March 1, 1940, for nonpayment of the 1931 taxes. It sold the land in September 1943 to Ansten O. Hagen by contract for deed. On February 5, 1945, the county executed and delivered a tax deed to him. This deed was recorded in the office of the register of deeds, Williams County, North Dakota, on April 6, 1945. Ansten O. Hagen died after the acquisition of this property, and his estate was probated and decreed to his widow, Oline Hagen, on the 14th day of November, 1949. A few years later Oline Hagen died, and the property involved in this action was decreed to her children, the plaintiffs in this action.

Service of the summons and complaint in this action was made by publication and registered mail upon the defendants Minnie Altman and G. A. Altman, her husband. Service was obtained by publication as to "all other persons unknown claiming an estate or interest in, or lien or encumbrance upon the real property described in the complaint."

Mr. Victor V. Stiehm, in his affidavit, states that the judgment in this action was taken without any notice to him or to any of the other trustees of the Stiehm Investment Company, or any of its officers or agents. The record title would indicate that they were unknown parties, and if served, were served by publication of the summons. Mr. Stiehm further sets out that neither he nor the other trustees of the Stiehm Investment Company, nor its officers and agents had any notice whatsoever of the tax deed proceedings, the sale of the land to Williams County, and the pur-

chase of the property by Ansten O. Hagen from the county, or the pendency of the action and the entry of the judgment therein. He further states that it was not until on or about September 1, 1955, when his wife located some papers in connection with this land that had been lost, to wit a deed and a lease, that an investigation was made concerning the title.

It appears that on the 24th day of September 1927, and before Mr. Stiehm took over the management of the Stiehm properties, Minnie Altman and G. A. Altman, her husband, deeded the property involved in this action to the Stiehm Investment Company. He states he had no knowledge of the deed and lease until about September 1, 1955. The deed was never recorded. On the 28th day of February 1929, the Stiehm Investment Company, as lessor, leased the property to Ansten O. Hagen for a period of three years commencing on the 1st of April 1929, and ending on the 1st day of April 1932. The lease provided that the first party, Ansten O. Hagen, pay as rent for the premises, "the sum of 1928 taxes, 1929 taxes and 1930 taxes, payable in three installments, * * * 1928 taxes before March 1, 1929, 1929 taxes before March 1, 1930, 1930 taxes before March 1, 1931." Although he apparently retained possession of the land under the lease, he did not pay the 1931 taxes.

As far as the record is concerned there was no notice given by Ansten O. Hagen of his intent to purchase the property from Williams County.

The answer proposed and submitted with the moving papers, by the appellants, sets forth generally the facts hereinbefore related; that the Stiehm Investment Company acquired title to the property, and was the owner of it under the unrecorded deed mentioned; that it had entered into the lease with Ansten O. Hagen; that Ansten O. Hagen had remained in possession after the expiration of the specific term specified in the lease, and that the same was renewed thereafter from year to year by operation of law; that he had the use and occupation of the property as tenant all through the farming years of 1930 to 1940; that on or during all this time the tenant, Ansten O. Hagen, failed and neglected to pay the real estate taxes on the property as he was legally and morally bound to do, and that he wrongfully breached the covenants of his lease and permitted the property to go to tax deed; and that contrary to his duty and good faith and the relationship of landlord and tenant, he did wrongfully purchase the property from Williams County without notice to his landlord; that said purchase was made by contract for deed dated September 1943, resulting in a deed from Williams County, North Dakota, in February 1945; that the plaintiffs are the heirs of Oline Hagen and acquired the property by final decree and distribution, dated September 25, 1953; that she in turn had acquired the property as an heir of Ansten O. Hagen by final decree dated November 14, 1949; and that the plaintiffs have no greater rights than Ansten O. Hagen, if he were still living.

The answer prays that the court enter judgment decreeing that the plaintiffs' title inures to the benefit of the defendants as trustees of the Stiehm Investment Company, and that the title be quieted in them; that they recover possession of the premises and the value of the use and occupation thereof.

Victor V. Stiehm was called for cross-examination under the statute in this proceeding, Section 31-0202, NDRC 1943, and strenuously cross-examined concerning the matter which is the subject of the motion. Not only was he cross-examined under the statute, but one John R. Goldsmith, an employee of the Amerada Petroleum Corporation, was called by the plaintiffs to testify as to the facts and circumstances to counteract the testimony obtained upon the cross-examination of Mr. Stiehm. He had been dealing with Mr. Stiehm concerning the property involved, and Mr. Stiehm had assisted him in obtaining an oil and gas

lease from Minnie Altman when it was assumed that she still owned the property. From the facts elicited and obtained on the cross-examination, the affidavits, and the testimony of Mr. Goldsmith, as well as the proposed answer, the trial court determined that the defense set up in the answer was barred by the six year statute of limitations, NDRC 1943, 28–0116 and that there was lack of reasonable diligence.

It was admitted by counsel for the plaintiffs that the proposed answer is meritorious on its face. The court in its order denying the motion found that "the moving defendants have set forth in their proposed answer facts upon which relief can normally be granted * * *."

"When Defendant Permitted to Defend. A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise." Section 32–1713, NDRC 1943.

The case of Hart v. Hone, 57 N.D. 590, 223 N.W. 346, appears to be the first case in this state in which the above statute was considered. In that case it was held that under Section 8156, Compiled Laws of 1913 (now Section 32–1713, NDRC 1943):

" 'A defendant in an action to determine adverse claims * * * upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise,' it is incumbent upon a defendant, who seeks to have a default judgment vacated and to be permitted to defend, to show prima facie, by his moving papers, that he

has a good and meritorious defense; * * *."

In that case it was determined that the verified answer did not set forth facts constituting a defense and hence there was no error in the denial of the application to open the judgment.

In Hart v. Hone, supra, it is said:

"It is true that, in applications for relief from a default judgment, the plaintiff will not be permitted to combat any defense claimed by the defendant and that the defense set forth in the answer or the affidavit of merits will, for the purpose of the case, be deemed true. The court will, however, examine the defense pleaded to see whether the same on its face constitutes a defense. Minnesota Thresher Manufacturing Co. v. Holz, 10 N.D. 16, 84 N.W. 581; Johannes v. Coghlan, 23 N.D. 588, 137 N.W. 822."

In the case of Minnesota Thresher Manufacturing Co. v. Holz [10 N.D. 16, 84 N.W. 585], cited in the quotation from Hart v. Hone, supra, the court said:

" * * * but the trial court was, upon this application, precluded from considering evidence upon the merits, and could go no further than to inquire whether the applicant had set out a good defense, either legal or equitable."

It is clear from the examination of the transcript of the testimony taken that the application by the trial court of the statute of limitations to the defense set out in the proposed answer was, at least in part, based on the facts elicited upon the oral examination of Mr. Stiehm and Mr. Goldsmith.

The statute of limitations is affirmative defense. 34 Am.Jur., Limitation of Action, Sec. 428, p. 337. The application of the statute of limitations is a legal bar to a cause of action. If it is applicable the claim ceases to be a legal obligation and becomes a mere moral one which the

law will not lend its aid to enforce. The application of the statute of limitations to a claim or a cause of action is a determination made upon the merits.

■ The objection that an action was not commenced within the time limited by law can only be taken by answer. Section 28–0139, NDRC 1943. The running of the statute of limitations cannot be raised by demurrer, but must be pleaded by answer. This is the case in North Dakota under the above mentioned section of our code, even though the fact is apparent upon the face of the complaint. Shane v. Peoples, 25 N.D. 188, 141 N.W. 737. The rule is applicable to equitable as well as legal actions. Gilbertson v. Volden, 71 N.D. 192, 299 N.W. 250. In the case of Chicago & N. W. R. Co. v. Nepstad, 49 N.D. 221, 190 N.W. 1009, the trial court sustained an objection to any evidence on the part of the plaintiff on the ground that it appeared from the complaint that the action was barred by the statute. It was held that the defense was a question of fact and that the court erred in excluding any evidence.

■ It was error to anticipate that the statute of limitations might be raised as a defense by the plaintiffs to the proposed answer of the moving parties. This defense must be taken by answer. Shane v. Peoples, supra; Chicago & N. W. R. Co. v. Nepstad, supra; Gilbertson v. Volden, supra.

The case at bar was not before the trial court upon the merits. The application of the statute of limitations as a defense will properly become such when it has been pleaded and the facts proven to show its proper application.

■ In the case of Azar v. Olson, N.D., 61 N.W.2d 188, it was held that this court views with favor trial of cases upon the merits; that Section 32–1713, NDRC 1943, providing for relief from default judgments was remedial in nature and entitled to a liberal construction and application.

■ On the principle as thus announced, the next question for determination is whether the trial court was justified in finding that the motion of the appellants was not presented with reasonable diligence.

The trial court concluded on the testimony taken upon cross-examination of Victor V. Stiehm, one of the moving parties, that he had actual knowledge of the rendition of the judgment in November 1954, although he did not become aware of the significance of the judgment with respect to the Stiehm Investment Company until April 19, 1955.

There is a dispute in the evidence as to the date when Mr. Stiehm discovered the significance of the judgment insofar as it affected the Stiehm Investment Company with respect to the property. He states that it is his sincere belief that he discovered this on or about September 1, 1955. But assuming that April 19, 1955, is the proper date, the question remains whether the delay involved constitutes lack of reasonable diligence. In Azar v. Olson, supra, this court held that under the showing made, there appeared to be no lack of reasonable diligence although the application to vacate the judgment was instituted within five months after its entry. If, as the trial court determined, Mr. Stiehm became aware of the significance of the judgment insofar as the Stiehm Investment Company was concerned, April 19, 1955, the application to open and vacate the judgment was instituted within five months and twenty-five days after the entry of judgment.

It is impossible to define reasonable diligence or reasonable time. Every case must be governed by its own facts. What constitutes lack of reasonable diligence in one case may not be in another. No intervening facts appear here which would render it inequitable or unconscionable to grant the application to open and vacate the judgment. The status of the plaintiffs, as far as this record shows, was exactly

the same on September 1, 1955 as on April 19, 1955.

If the statute is to be given liberal construction and application, under the circumstances here existing, we cannot say as a matter of law that the delay of five months and twenty-five days constitutes lack of reasonable diligence.

"The rule of procedure announced by the Supreme Court of Minnesota in a case such as this appeals to us as liberal, sound, and calculated to promote justice; such rule being 'that, where the answer discloses a good defense upon the merits, and a reasonable excuse for delay occasioning default is shown, and no substantial prejudice appears to have arisen from the delay, the court should open the default and bring the case to trial.' Barrie v. Northern Assurance Co., 99 Minn. 272, 109 N.W. 248." Citizens' Nat. Bank of Sisseton, S. D. v. Branden, 19 N.D. 489, 126 N.W. 102, 105, 27 L.R.A.,N.S., 858.

Especially would that be true where a sufficient affidavit of merits has been presented, a meritorious answer proposed, and the facts upon which the delay is predicated are in dispute.

The most recent decision of this nature in this court, Smith v. Cook, N.D., 73 N.W. 2d 151, clearly implies that where the application to vacate is made within one year after the rendition of the default, it is not error for the trial court to grant the application.

While there are any number of cases dealing with the discretion of the court in the granting or denial of an application to open up and vacate a judgment, and this court has indicated that reasonable diligence must be exercised to open up and vacate a judgment in a quiet title action under Section 32–1713, NDRC 1943, as well as under Section 28–2901, NDRC 1943, it would seem that where no prejudice appears to have been occasioned by some delay such as here involved, if the application is made within the year, that it is only just to allow the judgment to be opened and vacated and the application granted.

While the discretion of the trial court does not seem to have been arbitrarily exercised here and was only one of the grounds upon which it denied the application, and perhaps not the primary one, we regard this as a case in which the circumstances are such as to lead a court to hesitate before refusing to open the judgment. In such a case " 'it is better, as a general rule, that the doubt should be resolved in favor of the application.' " Grady v. Donahoo, 108 Cal. 211, 41 P. 41.

The order of the trial court is reversed, and it is directed to open and vacate the judgment dated October 15, 1954, and to permit the appellants to file the answer served herein, and defend the action.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.