GROSSMAN CHEVROLET COMPANY, Inc., a foreign corporation, Plaintiff and Appellant,

v.

Herbert A. ENOCKSON and Robert Groth, Defendants, and Robert Groth, Defendant and Respondent.

No. 7583.

Supreme Court of North Dakota.

Dec. 9, 1957.

Leonard, Street & Deinard, Minneapolis, Minn., and Holand & Stetson, Lisbon, for appellant.

Charles G. Bangert, Enderlin, for respondent.

BURKE, Judge.

We think the nature of this case can best be stated by setting forth the complaint at length. It is as follows:

"1. That the plaintiff is now and was at all times hereinafter mentioned a foreign corporation.

"2. On or about October 8th, 1954, plaintiff loaned to defendant, Herbert A. Enockson, for one day a 1951 two-door Chevrolet car, under a written agreement, a copy of which is attached hereto, marked Exhibit 'A' and made a part hereof.

"3. In breach of said agreement, defendant Enockson failed to return said car at the expiration of the said day or at any time thereafter. Instead, defendant Enockson wrongfully took the said car to North Dakota, and continued thereafter wrongfully to retain possession of the same.

"4. On or about October 16th, 1954, defendant Enockson wrongfully entrusted the driving of said car to the defendant Groth, who drove the same along public highway 32, south of Lisbon, North Dakota, at an excessive rate of speed, failed to observe the governing speed regulations, ignored the driving hazards, fell asleep at the wheel and otherwise drove the said car in such a negligent, wrongful and careless manner, so as to cause the said car to overturn, land in a ditch and to become totally demolished.

"5. In further breach of the aforesaid agreement, defendant Enockson failed to indemnify or pay plaintiff for the loss of said car.

"6. At all times mentioned herein, the fair and reasonable market value of the car was $1,200.00.

"Wherefore, plaintiff prays for judgment against the defendants and each of them for the sum of $1,200.00, with interest thereon as allowed by law, together with the costs and disbursements of this action."

To this complaint the defendant Groth filed an answer and counterclaim. In his answer he alleged that the accident and resulting damage to plaintiff's car were not caused by any negligence on his part but by

negligence on the part of the plaintiff in loaning a defective car to the defendant Enockson. There is no issue in the case as to the counterclaim and the allegations thereof are therefore immaterial here. The defendant Enockson defaulted and the case came to trial solely upon the stated issues between the plaintiff and the defendant Groth.

After the swearing of the first witness at the trial, the defendant moved for a dismissal of the action on the ground that the complaint stated no cause of action against him, for the reason that no cause of action lies in favor of a bailor against a third person for damage to bailed chattels. The trial judge reserved his ruling upon the motion and the plaintiff introduced proof which, at least prima facie, established its title to the car, the bailment of the car for hire to the defendant Enockson, the negligent operation of the car by the defendant Groth and damage to the plaintiff in the sum of $1,150 proximately caused by defendant Groth's negligence. At the close of plaintiff's case, defendant renewed his motion for dismissal. The trial court granted the motion stating, "The law of bailments, in the Court's mind, permits the bailor to sue a third party not a party to the contract, only in the event that he knows of the terms of the contract between the bailor and the bailee and the evidence received by the court does not satisfy that requirement of the law." Judgment was entered upon the order of dismissal and plaintiff has appealed from the judgment.

■ This court's first problem upon this appeal is to determine what cause of action, if any, is stated by plaintiff's complaint against the defendant Groth. No objections were made to the sufficiency of this complaint by demurrer or answer. Any objections that might properly have been made as to misjoinder of causes of action were therefore waived. Section 28–0709, NDRC 1943. Sleeper v. Baker, 22 N.D. 386, 134 N.W. 716, 39 L.R.A.,N.S., 864, Ann.Cas. 1914B, 1189.

■ Where an objection to a complaint upon the ground that it does not state a cause of action is made for the first time at the trial, after a witness is sworn, the complaint will be liberally construed and all reasonable inferences from the facts stated will be indulged in to sustain the pleading. Waldner v. Bowden State Bank, 13 N.D. 604, 102 N.W. 169, 3 Ann.Cas. 847; Iverson v. Tweeden, 78 N.D. 132, 48 N.W.2d 367; Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588; McGurren v. City of Fargo, N.D., 66 N.W.2d 207. In its complaint the plaintiff alleged that it loaned a car to Enockson for one day; that after the term of the loan had expired Enockson permitted the defendant Groth to drive the car; that Groth drove the car in a negligent manner; that as a result of such negligence the car was totally demolished and that the value of the car was $1,200. We think it may reasonably be inferred from these allegations that plaintiff claimed to be the owner of the car and entitled to its possession and that it claimed to have been damaged as a result of Groth's negligence in the sum of $1,200. We are satisfied therefore that, liberally construed, the complaint states a cause of action for negligence against Groth. It is clear that the defendant Groth so understood the pleading because in his answer he joined issue only upon the question of negligence.

■ The question then is: May a bailor maintain an action, against a stranger to the bailment, for damages to a bailed chattel caused by a stranger's negligence? Unquestionably such an action may be maintained. 8 C.J.S. Bailments § 55; 6 Am.Jur., Bailments, Sec. 349. In Royal Stein Inc. v. B. C. U. Holding Corp., 283 App.Div. 700, 127 N.Y.S.2d 886, 887, the rule is stated as follows:

"The rule is well settled that where any permanent injury is done to a chattel, the bailor may maintain an action against a third person for injury to the reversionary interest and where the bailor may, at his option, terminate

the bailee's possession, he may recover the entire amount of damages to the property."

To the same effect are Wicklund v. North Star Timber Co., 205 Minn. 595, 287 N.W. 7; Corcoran v. Huntington Lumber & Coal Co., 211 App.Div. 803, 206 N.Y.S. 752; Bresnick v. Heath, 292 Mass. 293, 198 N.E. 175; Palmer v. Mayo, 80 Conn. 353, 68 A. 369, 15 L.R.A.,N.S., 428. Restatement of Law, Torts, Vol. 1, Sec. 220.

It appears therefore that the order of the trial court dismissing this action was erroneously entered. The judgment entered upon that order is therefore reversed.

GRIMSON, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.